203   338
218   426

## Muir *v.* Preferred Accident Insurance Company of New York, Appellant.

*Practice, C. P.—Affidavit of defense—Agreements as to conduct of case—Extension of time.*

An affidavit of defense in Pennsylvania practice is no part of the pleadings. It is a mere step or incident of the proceedings required in order to prevent a summary judgment by default. When it has served that purpose its function is ended unless further enlarged by express rule of court.

In Pennsylvania whatever does not affect the jurisdiction or the due order of business and convenience of the court is capable of arrangement between the parties or their counsel, and an agreement by them will become the law of the case.

An agreement between the parties to extend the time for filing an affidavit of defense is not only valid and enforceable by the courts, but becomes the law of the case.

The provisions of the procedure act of 1887 in regard to judgments for want of affidavits of defense are in no sense mandatory upon the plaintiff for any purpose. On the contrary they are for his benefit, and he may extend the time or waive the requirements altogether by agreement, or by mere failure to enforce it.

*Practice, C. P.—Removal of cause—Federal court—Affidavit of defense—Extension of time to file affidavit of defense.*

The petition for the removal of a case from the state court to the federal court should be filed before the defendant is required to file an affidavit of defense.

Where the parties to a cause agree that the time within which an affidavit of defense may be filed shall be extended, the time within which the case may be removed to the federal court is also extended for the same time.

*Practice, C. P.—Removal of cause to federal court—Notice.*

No notice is necessary of an application to remove a cause to the federal court.

It seems that after an order of removal has been made, the state court has no jurisdiction to rescind the order, although it may have been improvidently made.

Where a state court makes an order removing the cause to a federal court, and the order is made before the expiration of time within which

the defendant is bound to file an affidavit of defense, the court cannot after the expiration of that time, in rescinding the order of removal, enter judgment against the defendant for want of an affidavit of defense. In such a case the defendant will not be in default until he has had notice of the rescinding order and a reasonable time within which to file his affidavit of defense.

Argued Feb. 10, 1902. Appeal, No. 171, Jan T., 1901, by defendant, from order of C. P. Delaware Co., Dec. T., 1900, No. 264, rescinding order of removal, and entering judgment for want of an affidavit of defense, in case of Emma R. Muir v. Preferred Accident Insurance Company of New York. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit upon a policy of insurance. Before JOHNSON, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order rescinding order of removal and entering judgment for want of an affidavit of defense.

*Richard C. Dale*, with him *Edward H. Hall*, for appellant.— Under Pennsylvania procedure an affidavit of defense is no part of the pleadings or record in the case: O'Neil v. Rupp, 22 Pa. 395; Superior Nat. Rank v. Stadelman, 153 Pa. 634; Mullen v. Union Central Life Ins. Co., 182 Pa. 150.

But assuming that the affidavit of defense is the answer or plea to which the federal statute refers, it still appears by this record that the petition was filed in time: Chiatovich v. Hanchett, 78 Fed. Repr. 193; Allmark v. Platte S. S. Co., 76 Fed. Repr. 614; Mayer v. Fort Worth & D. C. R. Co., 93 Fed. Repr. 601; Wilcox & Gibbs Guano Co. v. Phœnix Ins. Co., 60 Fed. Repr. 929.

The defendant was entitled to rely upon the order of removal entered on March 16, 1901, and to assume that by virtue of such order the court of common pleas of Delaware county would proceed no further in the suit. Pending action by the court on the petition to have the removal order rescinded, the cause was dead. Even if satisfactory reasons existed which justified the common pleas in rescinding order,

the defendant, after the rescission of the removal order, was entitled to time within which to file an affidavit of defense.

*Albert Dutton MacDade* and *William B. Broomall*, for appellee.—Under the act of congress of 1887, a petition for removal should be filed in the state court as soon as the defendants are required to make any defense in court: Wabash Western Ry. Co. v. Brow, 164 U. S. 271 (17 Sup. Ct. Repr. 126).

The extension of time which was given by the plaintiff to the defendant to file an affidavit of defense did not extend the time for a removal: Yarnell v. Felton, 102 Fed. Repr. 369; Schipper v. Consumer Cordage Co., 72 Fed. Repr. 803; Martin v. Carter, 48 Fed. Repr. 596; Austin v. Gagam, 39 Fed. Repr. 626; Spangler v. Atchison, T. & S. F. R., 42 Fed. Repr. 305; Velie v. Manufacturers' Accident Indemnity Co., 40 Fed. Repr. 545; Ruby Canyon Gold Mining Co. v. Hunter, 60 Fed. Repr. 305; Fox v. Southern Ry. Co., 80 Fed. Repr. 945.

The mere filing of a petition for the removal of an action to the circuit court of the United States, which is not removable, does not work a transfer; and the state court is at liberty to determine for itself whether on the face of the record a removal has been effected: Larson v. Cox, 39 Kansas, 631; Burch v. Davenport & St. Paul R. R. Co., 46 Iowa, 449.

OPINION BY MR. JUSTICE MITCHELL, October 13, 1902:

An affidavit of defense in Pennsylvania practice is no part of the pleadings, and has an entirely different function. It is a mere step or incident of the proceedings required in order to prevent a summary judgment by default. When it has served that purpose its function is ended, unless further enlarged by express rule of court. It cannot be read to the jury unless formally put in evidence as an admission, Mullen v. Union Central Life Ins. Co., 182 Pa. 150, nor can its failure to deny averments of the plaintiff's statement be used or considered as evidence of their truth: Taylor v. Beatty, 202 Pa. 120. Its sole use is to prevent a summary judgment by default under the statute, and its function in this respect is precisely analogous to that of an appearance required to be entered after service of a writ in order to avoid a judgment by default for want of it.

The wholly different function of a plea is to raise and make certain the issue on which the controversy between the parties is to be fought out. With this the affidavit of defense has nothing to do and it may be entirely disregarded and the case put at issue on other grounds.

The act of congress regulating the removal of causes from state to federal courts provides that the petition may be filed 'at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff," and it is argued by appellant that this means the step in the pleadings by which the issue in the case is raised. This however is not the construction that appears to have been given to the statute by the Supreme Court of the United States. In Martin v. Balt. & Ohio R. R. Co., 151 U. S. 673, the facts were not closely analogous, for there had been a judgment by default against the defendant seeking to remove the action, the effect of which was to cut off pleas in abatement. The great difference in the systems of practice makes it difficult to judge of the exact relation of the situation there to the facts of the present case. But the Supreme Court in construing the act seems to have regarded the words " answer or plead to the declaration or complaint " as not used in a technical sense, either in common-law or code pleading, but in a broad, general way as requiring in the language of Justice GRAY, " that the petition should be filed in the state court as soon as the defendant was required to make any defense whatever in that court." See also Wabash Western Ry. Co. v. Brow, 164 U. S. 271.* Under this rule the necessity of an affidavit of the defense was clearly within the requirement that some defense should be made.

The question then arises whether the time within which the defendant was required to file an affidavit of defense had expired at the time of the petition to remove. The writ was issued February 14, 1901, returnable to February 25, and was served, together with a copy of the statement, on February 18. Plaintiff, therefore, would have been entitled to judgment in default of an affidavit of defense on March 6 (Newbold v. Pen-

---

* Also reported in 17 Supreme Ct. Repr. 126.—Reporter.

nock, 154 Pa. 591), but before that date the parties by written agreement had extended the time for filing an affidavit of defense for twenty days from February 25. The petition for removal was filed on March 16, within the extended time for the affidavit, but the court below held that the stipulation as to the affidavit did not apply to the removal, and that the petition, therefore, was not in time.

The practice under the act of congress is not at all uniform. The cases in the United States courts are numerous and conflicting. In Spangler v. Atchison, etc., R. R. Co., 42 Fed. Repr. 305 (West. Dist. Mo. 1890), it was held that the act of congress fixes the time for removal peremptorily as of the date when the state statute first requires an answer or plea, and that no order of court can enlarge the time of removal even though the state statute expressly fixes the time to plead with a proviso "unless longer time be granted by the court." This is the most stringent construction of the statute that we have seen, and from this what we may call the strict decisions vary all the way down to Schipper v. Consumer Cordage Co., 72 Fed. Repr. 803 (So. Dist. N. Y. 1895), which holds that an order of court extending time to answer will extend the time of removal though a mere agreement or stipulation of the parties will not. See Austin v. Gagan, 39 Fed. Repr. 626 (No. Dist. Cal. 1889), Fox v. So. Ry. Co., 80 Fed. Repr. 945 (West. Dist. N. C. 1897), Martin v. Carter, 48 Fed. Repr. 596 (Montana, 1891), Velie v. Manufacturers' Accident Indemnity Co., 40 Fed. Repr. 545 (East. Dist. Wis. 1889), and Ruby Canyon Gold Mining Co. v. Hunter, 60 Fed. Repr. 305 (West. Dist. So. Dak. 1894).

On the other hand courts of equal authority have held entirely different views. In Wilcox, etc., Co. v. Phœnix Ins. Co., 60 Fed. Repr. 929 (Cir. Ct. Dist. So. Car. 1894), it was held that the extension of the statutory time to plead, by special order of the court in any case, extends the time for removal, and Spangler v. Atchison, etc., R. R. Co., 42 Fed. Repr. 305, supra, was expressly disapproved. SIMONTON, J., discussed the question both on the authorities and on reason, and taking the test of time in the act of congress when the defendant is "required" to present his defense, to be when he will be in default for not doing so, drew the conclusion very forcibly that he was not in default so long as his time to answer continued

to run in the state court, whether under the general provisions of a statute or the special order of the court. In Chiatovich v. Hanchett, 78 Fed. Repr. 193 (Cir. Ct. Nev. 1897), it was said that it was " the settled law and practice of the United States circuit courts that an extension of time to answer by order of court, whether made on stipulation or not, extends the time for removal," citing Rycroft v. Green, 49 Fed. Repr. 177 ; Phœnix Ins. Co. v. Charleston Bridge Co., 13 C. C. A. 58 (65 Fed. Repr. 628) ; Price v. Lehigh Valley Railroad Co., 65 Fed. Repr. 825 ; Garrard v. Silver Peak Mines, 76 Fed. Repr. 1. The court then advanced one step further and held that an agreement had the same effect although no order of court had been obtained on it. And the same result was reached in the latest case to which our attention has been directed, Mayer v. Fort Worth & D. C. R. R. Co., 93 Fed. Repr. 601 (Cir. Ct. So. Dist. N. Y. 1899), overruling the previous case of Schipper v. Consumers Cordage Co., 72 Fed. Repr. 803, cited supra, in the same court. See also People's Bank v. Ætna Ins. Co., 53 Fed. Repr. 161 (So. Dist. S. C. 1892), McKean v. Ives, 35 Fed. Repr. 801 (Cir. Ct. Ind. 1888), Lockhart v. Memphis, etc., R. R., 38 Fed. Repr. 274 (West. Dist. Tenn. 1889), Winberg v. Berkeley Ry. Co. R. W., 29 Fed. Repr. 721 (So. Dist. N. Y. 1887), and Allmark v. Platte S. S. Co., 76 Fed. Repr. 614 (Cir. Ct. E. Dist. N. Y. 1896) in which BENEDICT, J., after holding that a stipulation extending the time to answer, to which the judge assented though no order to that effect was signed, extended the time for removal, added, " But, if this were otherwise, I am of the opinion that, under the circumstances above stated, the plaintiff should not be heard in this court to say that the time to answer had expired."

With no decision by the Supreme Court or the federal courts of this circuit which would be of controlling authority, and the practice in the other circuits so diverse, we are left to reach our own conclusions on the language and intent of the act. And we are all the more free to do so inasmuch as we gather, even from the conflicting decisions, the ruling principle that the effect of an agreement on the time of removal depends chiefly on the legal effect of such agreements in the state in which the case is pending. If this be the correct principle, as seems to be generally conceded, our way is clear.

. In Pennsylvania such an agreement is not only valid and enforceable by the courts but becomes the law of the case. Experience has shown that the smooth and efficient working of the machinery of justice is facilitated by allowing a large latitude to the counsel in charge of the respective interest of the litigants. Otherwise great hardship might be wrought. The plaintiff, after taking months or years perhaps to prepare or bring suit with only the statute of limitations to be heeded, may then require defendant to answer in fifteen days, irrespective of summer vacations, or other temporary absence or inconvenience to defendant, his counsel or his sources of information. The court, it is true, has inherent authority, except as against a mandatory statute, to control the proceedings as the equities of the case may require, and where the accommodation asked is of doubtful merit, or involves material consequences, the court will pretty certainly be applied to. But it is not necessary to subject parties or the court inexorably to such applications, and in all nonessentials it is safe to let parties or counsel fix their own conditions. It may, therefore, be stated as the settled law and practice in Pennsylvania, that whatever does not affect the jurisdiction, or the due order of business and convenience of the court is capable of arrangement between the parties or their counsel, and an agreement by them will become the law of the case.

The provisions of the procedure act of 1887 in regard to judgments for want of affidavits of defense, are in no sense mandatory upon the plaintiff for any purpose. On the contrary they are for his benefit, and he may extend the time, or waive the requirement altogether by agreement, or by mere failure to enforce it. The limitation of the time to petition for removal, in the act of congress, would seem to be of similar nature, principally if not entirely, to secure the plaintiff against undue or unfair delays, and, therefore, not mandatory in any sense that would prevent the plaintiff from agreeing to the postponement of the time for the defendant's plea or answer, the filing of which must terminate his right to remove. This would be the construction of the act if it were a Pennsylvania statute, and until a different construction has been clearly settled by the United States courts, it must prevail in all Pennsylvania courts. We are of opinion, therefore, that the agreement of counsel ex-

tending the date for filing an affidavit of defense, extended the date for removal, and the petition was accordingly in time.

It is further assigned for error that after having made the order for removal on March 16, the court was without further jurisdiction in the case, and that the order rescinding the order of removal was therefore void. On the other hand it is argued by the appellee that no notice was given of the application to remove, and that the order was improvidently made. In Chiatovich v. Hanchett, 78 Fed. Repr. 193, it was held that no notice was necessary. As to the other point, the analogies of the law in this state are against the appellant. In Gunn v. Bowers, 126 Pa. 552, it was held that the court having entered an improvident order or judgment, might rescind or correct it while the record was still in its possession before the return day, although a writ of error had been lodged in its office. But on the other hand the language of the act of congress is explicit that after accepting the petition and bond the state court shall " proceed no further in such suit," and the remedy for an erroneous removal appears to be in the circuit court on a motion to remand. As we consider the removal to have been properly made in the present case and the decision of the circuit court will be conclusive on the whole subject, we express no opinion on the present question.

Lastly, independent of any question arising upon the act of congress the judgment was erroneously entered. The court having granted the petition for removal on March 16, the appellant, which was not then in default in not having filed an affidavit of defense, was relieved from any duty to do so by the order for removal. The court could not therefore in the same breath rescind the order of removal and enter judgment for a default which up to that moment had not existed. Even if the order of removal had been properly rescinded, the appellant would not have been default until it had had notice and a reasonable time to file its affidavit of defense.

The judgment is reversed and all proceedings subsequent to order of removal are vacated.