A. OVERHOLT & CO. v. GERMAN–AMERICAN INS. CO. (and nine other cases).

(Circuit Court, W. D. Pennsylvania. August 7, 1907.)

Nos. 64–66, 94–100.

REMOVAL OF CAUSES—TIME FOR FILING PETITION—PENNSYLVANIA PRACTICE.

Under the removal statute as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], which permits a petition for removal to be filed on or before the time when the defendant is required by the laws of the state or rules of the state court to answer or plead to the declaration or complaint, a petition must be filed by the time an affidavit of defense is required by the Pennsylvania practice, which, under the rules of the court, is an answer to plaintiff's claim and frames the issues to be tried.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 141.]

On Motions to Remand to State Court.

Gordon & Smith, for plaintiff.

Jennings & Jennings, for defendant.

EWING, District Judge. These cases are before the court on motions to remand to the common pleas of Fayette county, Pa., from which they were removed by the several defendants without leave or authority of that court.

It seems that, when application was made to the court in which the suits were originally brought, it embraced, not only a petition to remove, but also a petition to consolidate various cases against the same company, which process of consolidation the defendants of their own volition made in transferring the causes to this court, although the applications aforesaid had been denied by the court of original jurisdiction.

Several reasons are assigned in support of the motions to remand but the only one thought necessary to refer to is that the application for the removal of the causes from the state court was made too late. The act of Congress in such cases provides that the petition for removal may be filed "at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which said suit is brought to answer or plead to the declaration or complaint of the plaintiff." The rules of the court of common pleas of Fayette county aforesaid provide that:

"In all actions on policies of insurance, etc., if the plaintiff shall file on or before the return day of the writ, a statement showing the amount he believes to be due from the defendant, together with a copy of the book entries or instrument upon which the suit is brought, etc., he shall be entitled to judgment for want of an affidavit of defense, as follows, viz.: If the writ shall have been duly served and the said statement shall have been duly filed and a copy thereof served on the defendant prior to the return day, judgment by default may be entered any day after fifteen days subsequent to the service of said statement, etc., unless the defendant files an affidavit of defense."

The provisions of this rule were complied with by the plaintiff in these cases, so far as the service of the writ and the filing and serving of a copy of the statement on the defendant is concerned, and the defendants also complied with its provisions by filing, on the return day, affidavits of defense. The writs in all these cases, except in those cases embraced in No. 94 of November term, and one of the cases embraced in No. 95 of November term, were served on March 14, 15, and 16, 1906, and those in No. 94 and one in No. 95 of November term, on March 20, 1906, and the return day of all was April 2, 1906. By the above cited court rules the defendants were required to file affidavits of defense on April 2d in all the said cases, except those served on March 20th, where they were required to file them on April 4th. But the defendants filed all their affidavits of defense on April 2d, and the petition for removal was not presented to the court until April 13th.

It is now contended by the plaintiffs that, the petitions for removal having been presented after the defendants were required by the rules of the state court to file affidavits of defense and did so file such affidavits, it was then too late to remove said causes; while the several defendants insist that the requirements of the act of Congress that the application for removal shall be made before they are required to answer or plead to the declaration or complaint of the plaintiff

does not embrace affidavits of defense, but merely technical answers and pleadings. These claims of the respective parties present the questions before us for determination. The procedure act of May 25, 1887 (Laws Pa. 1887, p. 271, No. 158), in its third section directs that "the statement * * * in the action of assumpsit shall be replied to by affidavit," and the above cited rule of the state court in section 4 declares that:

"In all cases where an affidavit of defense is required, it shall set forth specifically and at length the nature and character of the same and shall state whether the defense is to the whole or a part of the claim, and if only to a part it shall state to what part, and all items of the plaintiff's claim not traversed or denied shall be taken as confessed."

Conceding that an affidavit of defense in Pennsylvania practice is no part of the pleadings, as declared by the Supreme Court in Muir v. Insurance Company, 203 Pa. 338, 53 Atl. 158, yet it is an answer to the plaintiff's claim, and under the said rules of court determines what the issue between the parties is, for only those matters alleged on the one side and denied on the other are by those rules put in issue, and, indeed, the answer of the defendant under the rules of court of Allegheny county makes the answer an affidavit of defense, for in section 1 of rule 8 it is directed that the defendant shall "file an answer verified by affidavit and such items of the claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted," and by section 2 it is further provided:

"If the specification and statement be filed with the præcipe, they shall be taken as an affidavit of claim, and defendant shall, without further notice, file his answer thereto within the time required for filing affidavits of defense, which answer shall be taken as an affidavit of defense."

Thus in every view of the case an affidavit of defense is an answer to the plaintiff's claim, and so important in this respect that it frames the issue to be tried between the parties.

In Martin v. B. & O. R. R. Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311, Mr. Justice Gray, in delivering the opinion, says that this provision regarding the time for the presentation of a petition for removal "allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint.' These words make no distinction between different kinds of answers or pleas." And again:

"Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the Circuit Court of the United States."

To the same effect, also, is Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. It was upon the authority of these two cases that it was determined in Muir v. Insurance Company, supra, that the petition for the removal of the case from the

state court to the federal court should be filed before the defendant is required to file an affidavit of defense. The same principle is again declared in Powers v. Chesapeake & Ohio R. R. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, where it is stated that "undoubtedly, when the case, as stated in the plaintiff's declaration, is a removable one, the defendant should file his petition for removal at or before the time when he is required by the law or practice of the state to make any defense whatever in its courts." According to the plain interpretation of these decisions, the application for the removal of these causes was made too late, and the petition to remand must be granted. It may be stated that these cases have all been tried in the state court and passed upon by the Supreme Court on appeal and the judgments of the lower court affirmed.

The cases are therefore remanded.