GIOVANNI TRICOLI, RESPONDENT, v. DONATO TRA-
MONDE, APPELLANT.

Submitted December 12, 1920—Decided March 28, 1921.

The legal effect of section 61*b* of the District Court act (*Comp. Stat.*, *p.* 1971) is not to deprive a defendant, even though he fails to specify his defences, of the right to challenge, by cross-examination or otherwise, the character or sufficiency of the plaintiff's proof to make out his right to recover.

On appeal from the Orange District Court.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Thomas Brunetto* and *Edwin G. Adams*.

For the respondent, no appearance.

The opinion of the court was delivered by

KALISCH, J.    A judgment of $120, on a verdict of a jury for that amount in the Orange District Court, was given by

the trial judge in favor of the plaintiff against the defendant, and from which judgment the defendant has appealed to this court.

Pursuant to a notice upon the state of demand, in accordance with section 61*b* of the District Court act (*Comp. Stat., p.* 1971), whereby plaintiff demanded that the defendant shall file a written specification of defences intended to be made to the action, the defendant filed the following specifications of defences:

1. Defendant denies that he is indebted to the plaintiff in the sum of $220.

2. That on or about November 8th, 1918, plaintiff and defendant entered into an agreement wherein the plaintiff agreed to perform the labor and furnish the material to repair the building at No. 17 Sherman street, Montclair, New Jersey, and the price agreed upon between plaintiff and defendant for said work and material was $80, which defendant has paid to plaintiff in full.

The plaintiff's action, as disclosed by the state of demand filed in the case, was based upon the allegations that the plaintiff, at the special instance and request of the defendant, performed work, labor and services and furnished materials in.repairing defendant's house; that the reasonable value of the work, labor and services performed and of the materials furnished was the sum of $300.

The state of the case shows that the plaintiff was suing upon a *quantum meruit* and the burden was upon him to establish that he performed the work and furnished the materials and the reasonable value of such work and materials. This the plaintiff attempted to do. When it came to a cross-examination of the plaintiff as to the amount of lumber he used in building the stoop, and for the porch, the trial judge refused the defendant the right to cross-examine the plaintiff upon the ground that since the defendant specified in one of his defences that the price of the labor and materials was agreed upon between him and the plaintiff, he would be confined to that defence. The trial judge evidently overlooked the fact that the defendant, in the first defence specified by

him, denied that he was indebted to the plaintiff in the sum of $220. This defence entitled the defendant, as a matter of right, to cross-examine the plaintiff as to the amount of lumber used by him in making the repairs; the amount of paint and cement that was used in the work; the number of days it took the plaintiff to repair the stoop and the sidewalk, &c., in order that the jury may have all the facts before it which might bear materially on the question of the reasonable value of such work and materials, and the amount which the plaintiff would be entitled to recover.

The questions put by counsel of defendant on cross-examination to the plaintiff were competent on the issues before the court and jury and related to the plaintiff's direct testimony upon which he relied to establish a *prima facie* case for recovery. It was, therefore, prejudicial error for the trial judge to preclude the defendant from cross-examining the plaintiff on the very subject-matter which the latter had made the basis of his claim.

The legal effect of section 61*b, supra,* is not to deprive a defendant, even though he fails to specify his defences, of the right to challenge, by cross-examination or otherwise, the character or sufficiency of the plaintiff's proof, to make out his right to recover. *Turner* v. *Wells,* 64 *N. J. L.* 269, 274.

For the reason stated the judgment is reversed with direction that a *venire de novo* be awarded.