## Bilheimer v. Herman.

*Practice, C. P.—Removal of case in trespass to Federal court—Time limit —Fifteen days—Time for filing affidavit of defence—Act of May 14, 1915.*

1. The petition for the removal of a cause from a state to a Federal court must be filed in the state court at or before the time when the defendant is required to make any defence whatever, either in bar or in abatement.

2. As the Act of May 14, 1915, P. L. 483, requires a defendant in trespass to file an affidavit of defence within fifteen days from service of statement, or in default thereof certain matters averred in the statement will be taken as admitted and the case be automatically at issue, the fifteen days is the time limit within which the petition for removal must be filed.

3. In such case the point of time is fixed and certain, irrespective of the defendant's action or non-action.

Petition for removal of suit in trespass to District Court of the United States. C. P. Northampton Co., June T., 1921, No. 92.

*Asher Seip,* for plaintiff; *Kirkpatrick & Maxwell,* for defendant.

Stewart, P. J., Sept. 26, 1921.—The defendant, on Sept. 14, 1921, presented his petition, alleging that the plaintiff was a resident of Pennsylvania, and that he was a resident of New York; that plaintiff had brought suit in this court is not bound to surrender its jurisdiction of a suit on a petition for of the United States for the Eastern District of Pennsylvania. The plaintiff filed an answer, setting forth in effect that the case could not be removed because the petition was filed too late. In Gregory et al. *v.* Hartley et al., 113 U. S. 742, it was held: "A state court is not bound to surrender its jurisdiction over a suit until a case is made which shows that the petitioners are in law entitled to a removal. The mere filing of a petition is not enough, unless, in connection with the rest of the record, it shows on its face that the petitioner has, under the statute, the right to take the suit to another tribunal." In Stone *v.* South Carolina, 117 U. S. 430, it was held: "A state court against him, and praying that the suit be removed to the District Court removal until a case has been made which on its face shows that the petitioner has a right to the transfer. All issues of fact made on the petition for removal must be tried in the Circuit Court, but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected; and if it decides against the removal, its action will, after final judgment, be reviewable in this court." In Donovan *v.* Wells, Fargo & Co., 169 Fed. Repr. 363, it was held: "A petition for the removal of a case to the Federal court presents to the state court a question of law as to whether, admitting the facts stated in the petition to be true, it appears on the face of the record, which includes the petition, pleadings and proceedings down to that time, the petitioner has complied with the statute and is entitled to removal of the suit." The record shows that a præcipe for summons in tres-

pass and plaintiff's statement were filed in this court on May 16, 1921. Same day, writ issued. Next day, service of the writ and statement was made on the defendant. May 25, 1921, defendant, by his counsel, entered his appearance. The writ was returnable to the second Monday of June, 1921, which was on June 13th. No affidavit of defence was filed by the defendant, and nothing was done in the suit until the petition for a rule was presented. The Judicial Code, § 29, as amended by Act of Congress of Jan. 20, 1914, ch. 11, U. S. Compiled Stats., 1916, § 1011, provided as follows, regarding the procedure for removal of causes to the District Court of the United States: "Whenever any party entitled to remove any suit mentioned in the last preceding section (section 1010, Judicial Code, § 28), except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such writ in such state court *at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff,* for the removal of such suit into the District Court to be held in the district where such suit is pending. . . ." The words italicized are an exact copy of the Act of 1875, as amended by the Act of 1887. The Practice Act of May 14, 1915, P. L. 483, provides, in section 10, as follows: "The statement of claim shall be endorsed as follows: 'To the within defendant: You are required to file an affidavit of defence to this statement of claim within fifteen days from the service hereof.'" Section 13 provides as follows: "In actions of trespass, the averments in the statement of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section 6; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted." Section 18 provides as follows: "In actions of trespass, when the defendant fails to file an affidavit of defence within the required time, the case shall be deemed to be at issue, and may be ordered upon the trial list." It is essential that the party seeking to remove the case file his petition in the state court within the time prescribed by the statute. In Moon on the Removal of Causes, § 153, it is said: "The requirement as to the time when the petition shall be filed is an inexorable one; no excuse will be accepted for a failure to file the petition in apt time, where there is no waiver by the plaintiff. The state court cannot, after the time for filing a petition for removal has expired, confer jurisdiction on the Federal court by permitting a petition to be filed *nunc pro tunc* as of a date before the expiration of such time. The petition for removal must be filed in the state court at or before the time when the defendant is required to make any defence whatever, whether in bar or in abatement. The decisions to the contrary by inferior Federal courts and a state court are in conflict with the views of the Supreme Court." In A. Overholt & Co. *v.* German-American Ins. Co., 155 Fed. Repr. 488, it was held: "Under the removal statute, as amended by the Act of Aug. 13, 1888, ch. 866, 25 Stat. at L. 433 (U. S. Compiled Stats., 1901, § 5081), which permits a petition for removal to be filed on or before the time when the defendant is required by the laws of the state or rules of the state court to answer or plead to the declaration or complaint, a petition must be filed by the time an affidavit of defence is required by the Pennsylvania practice, which, under the rules of the court, is an answer to plaintiff's claim

1 D. & C.

and frames the issues to be tried." In Fidelity Trust and Safety-Vault Co. v. Newport News and M. V. Co., 70 Fed. Repr. 403, it was held: "A state statute required the answer or defence to be filed within twenty days after service of the summons: Kentucky Statutes, §§ 1003 and 1004; Bullitt, Code Practice, §§ 20 and 21. By a rule of the state court, a party desiring to have a case set down for trial was required to leave a memorandum to that effect in the clerk's office, and the clerk placed the cause on the trial docket on the succeeding Monday. It was claimed that, under this rule, the practice was to permit a defence to be filed on the day the case was called on the trial docket. *Held*, that such a practice did not entitle defendant to file his defence at time as of right, and, consequently, did not operate to extend the time for removal beyond the twenty days fixed by the statute." Allen v. Sewanee Fuel and Iron Co., 268 Fed. Repr. 219 (Sept. 13, 1917), under Shannon's Code (Tenn.), §§ 6076-6077, "requiring a plaintiff to file his declaration within the first three days of the term to which process is returnable, and defendant to answer within two days thereafter, and the established state practice by which plaintiff may file his declaration later as of right, unless a motion to dismiss has been interposed, where a plaintiff so filed his declaration later in the term, defendant *held* required to file a petition for removal within two days thereafter." In Kansas City, Fort Scott & Memphis R. R. Co. v. Daughtry, 138 U. S. 298, it was held: "Application to remove a cause from a state to a Federal court must be made at or before the time when the plea therein is due, and the time for removal cannot be extended because a plaintiff in error does not take advantage of his right to take judgment by default; it is too late to remove a cause after the lapse of four terms after the plea was due." In Goldey v. Morning News, 156 U. S. 518, Mr. Justice Gray said: "It has been held by this court, upon full consideration, that the provision of this act that the petition for removal shall be filed in the state court at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint' requires the petition to be there filed at or before the time when the defendant is so required to file any kind of plea or answer, 'whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action,' because, as the court said, 'construing the provision now in question, having regard to the natural meaning of its language and to the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defence whatever in that court, so that, if the case should be removed, the validity of any and all of his defences should be tried and determined in the Circuit Court of the United States:' Martin's Admin'r v. B. & O. R. R. Co., 151 U. S. 673." The only Pennsylvania case that we have found on the subject is Muir v. Preferred Accident Ins. Co. of N. Y., 203 Pa. 338, where it was held: "The petition for the removal of a case from the state court to the Federal court should be filed before the defendant is required to file an affidavit of defence." Mr. Justice Mitchell, on page 341, quotes the words that we have italicized, and refers to Martin's Admin'r v. B. & O. R. R. Co., 151 U. S. 673, to which we have just referred, and also to Wabash Western Ry. Co. v. Brow, 164 U. S. 271, and said: "Under this rule, the necessity of an affidavit of defence was clearly within the requirement that some defence should be made." This case and A. Overholt & Co. v. German-American Ins. Co., 155 Fed. Repr. 488, were both actions in *assumpsit,* and the effect of a failure to file an affidavit

of defence in *assumpsit* is quite different from a failure to file same in a trespass case. None of the cases cited by either party present the exact question which is raised in the present case, which is in trespass, but when the history of all of the legislation on this subject is looked at, it will be perceived that the tendency of the Federal statutes is to narrow the point of time when the petition for removal must be presented. Under the early acts, it could be presented at any time before trial. The later act uses the phraseology quoted above. When was the present defendant required to answer or plead? Surely at the end of fifteen days, and when he did not do that, the status of the case was changed automatically by virtue of the 13th section quoted above, and the defendant was confronted with the fact that by his default he had admitted certain things in the plaintiff's statement, and again, by the 18th section, the case automatically was at issue. It will not do to say that because he was not required to file an answer that, therefore, there is never any point of time to which the Federal statute will apply. In every case of trespass there is a point of time fixed by the Practice Act, and that is fifteen days. Whether the defendant will deny the facts by filing an affidavit of defence, or whether he will admit them by not filing same, is immaterial. The point of time is fixed and certain, irrespective of the defendant's action or non-action. The learned counsel for the plaintiff has cited many cases in his very helpful brief, which we have examined and which support our view, but it is not necessary to refer to them. We are clearly of opinion that the defendant is in default in filing his application after the time prescribed by our statute for filing an affidavit of defence had expired and after two terms had intervened.

And now, Sept. 26, 1921, petition is denied, and order transferring said suit to the District Court of the United States for the Eastern District of Pennsylvania is refused.

From Henry D. Maxwell, Easton, Pa.