HYMAN BESSER, TRADING AS BESSER & COMPANY, PLAINTIFF-RESPONDENT, v. RALPH KRASNY AND JOSEPH PLOFSKY, INDIVIDUALLY AND AS PARTNERS TRADING AS HAWTHORNE SASH AND DOOR COMPANY, DEFENDANTS-APPELLANTS.

Submitted October 26, 1934—Decided January 10, 1935.

For the plaintiff-respondent, *Simon Englander*.

For the defendants-appellants, *Samuel B. Krasny*.

The opinion of the court was delivered by

CASE, J. Defendants' appeal brings up a judgment of the Supreme Court affirming a judgment of $336.38 for plaintiff entered in the District Court of the Second Judicial District of Essex county.

First, concerning the jurisdiction of the District Court to entertain the action. Section 30 of the District Court act (*Pamph. L.* 1898, *ch.* 228, as amended, *Pamph. L.* 1910, *ch.* 134; 2 *Comp. Stat., p.* 1962), confers jurisdiction in so far as this character of action is concerned where "the debt, balance \* \* \* or other matter in dispute does not exceed, exclusive of costs, the sum or value of five hundred dollars." The state of demand contained five counts, all, apparently, based on services alleged to have been rendered by plaintiff as an expert accountant. The aggregate demands under the first three counts were for $525 and interest. The fourth count made the same monetary demand. A motion to dismiss for lack of jurisdiction, made before either specification of defenses or counter-claim was filed, was denied because the court found that "the excess over $500 was expressly waived." There was nothing at that time in the record to sustain a waiver as to the first four counts except the concluding paragraph of the state of demand which applied specifically to all the counts and was as follows: "Plaintiff demands \* \* \* $500 with interest and costs of suit to be taxed." Notwithstanding that clause, the demand of counts 1 to 4 inclusive was still excessive because the inclusion of interest necessarily extended the claim beyond the $500 jurisdiction. *Van Giesen* v. *Van Houten*, 5 *N. J. L.* 822; see, also, Review of Decisions on similar statutes, 77 *A. L. R.* 991. We think that the motion should have been granted.

But if in some unnoted way defendants lost the right of appeal on that error, we come to the court's denial of the motion when renewed after the defendants had filed their specification of defenses and their counter-claim and after, as we judge from the state of case, plaintiff had conceded the counter-claim, credited the amount thereof and asked judgment for the balance left on his own claim after this deduction. Then the balance in dispute, being that for which judgment was later given, was within the District Court jurisdiction; and it is the balance in dispute, exclusive of the costs, that is the test of jurisdiction. Section 33, District Court act, *supra*. *Bowler* v. *Osborne, 75 N. J. L.* 903. We find no error in that ruling:

Our fundamental divergence from the decisions below turns on the legal effect to be given the specification of defenses which was filed by the defendants on the demand of the plaintiff under section 2, chapter 281 (*Pamph. L.* 1910), given the arbitrary section marking of 61b in the District Court legislation (2 *Comp. Stat., p.* 1971), which provides:

"The plaintiff in actions on contract wherein the matter in dispute as shown by the summons is over the sum of three hundred dollars, may likewise add to or endorse upon said state of demand, a notice to the defendant that the plaintiff demands that the defendant shall file a written specification of defenses intended to be made to said action on or before the time specified for appearance in the process or summons, or on the return of the warrant, or at the time of appearance specified in the recognizance, and thereupon the defendant shall specify such defenses in writing and file the same and serve a copy thereof upon the plaintiff or his attorney within such time, and shall at the trial be confined to the defenses so specified; and in case the defendant fails to comply with such demand and serve such copy within such time, he shall be barred from making any defense to said action; but the court, at or before the trial of the action, upon terms, may permit such defendant to file and serve, or amend such specifications."

The specification did not traverse the allegations of the

state of demand. Defendants further filed a counter-claim grounding in alleged negligence by the plaintiff in the rendering of accounting services with respect to defendants' 1926 income tax return. There is no disclosed identity between that item and the subject-matter of plaintiff's demand. The matter came on for trial, and the court thereupon, without proof, on plaintiff's motion for judgment on the pleadings, directed a verdict for the plaintiff in the amount sued for, less the counter-claim. That was after defendants, apparently sensing the direction of the court's mind, had sought and been denied the privilege of amending the specification of defenses to include a specific denial of the amount sued for. Justification, if it exists, for the direction of verdict must be found in an admission by the defendants of the plaintiff's claim, and there is no admission unless it be in some assertion or omission in the counter-claim or the specification of defenses.

The counter-claim was a cross-action with the parties reversed. There is nothing therein from which an admission of plaintiff's demand can be spelled, and there was no duty upon defendants to admit or to deny, in the counter-claim, the allegations of plaintiff's demand.

The specification of defenses may be briefed as charging that the services rendered by plaintiff were done in a wrongful and negligent manner; that defendants had been greatly damaged thereby; that as a result of plaintiff's negligence defendants had been obliged to pay the United States government $199.62. These representations may not reasonably, we think, be taken as an admission that plaintiff had rendered any services for which he deserved to be compensated or that, if plaintiff had rendered compensable services, defendants still owed the plaintiff anything thereon, much less that they owed him a sum liquidated at the difference between $536 and $199.62. Having made no actual admission, were the defendants under any duty, in preparing their specification of defenses, to traverse the allegations of the state of demand upon penalty otherwise of being held to an admission of them? We think that they were under no such duty.

The District Court practice is both speedy and informal. Subject to the court's discretion *contra,* it is possible for judgment to be had, whether the action be contested or defaulted, five days from the issue of summons and the service of the summons and state of demand. Sections 45, 61a. No formal pleadings in the ordinary sense are required. *O'Donnell* v. *Weiler,* 72 *N. J. L.* 142. It is a practice essentially designed for small causes, and it is to that court that practically all small civil causes go. While the jurisdiction has been increased from $200 to $300 and from $300 to $500, the legislature has persistently refused to grant an enlargement beyond the last mentioned figure, presumably for the reasons that litigation of increasing financial moment tends to increase the formality and the involvements of practice and that one court of simple procedure and informal atmosphere should be preserved for such cases as are best so served. The defendant is entitled to know before trial what the claim against him is (*Di Jianne* v. *Citizens' Protective Association,* 79 *Id.* 107), and the plaintiff on the other hand, to prevent surprise to him under the otherwise informal procedure, is entitled to know, if he asks, what defenses will be interposed, section 61b, *supra;* but the statutory specification is not to be construed as an answer. Mr. Justice Kalisch, speaking for the Supreme Court, in *Tricoli* v. *Tramonde,* 95 *Id.* 363, said (at *p.* 365):

"The legal effect of section 61b, *supra,* is not to deprive a defendant, even though he fails to specify his defenses, of the right to challenge, by cross-examination or otherwise, the character or sufficiency of the plaintiff's proof, to make out his right to recover."

And Mr. Justice Dixon, in the Supreme Court issue of *Turner* v. *Wells,* 64 *N. J. L.* 269, discussing an analogous section of the General Practice act, said (at *p.* 274):

"* * * the question is not what the defendants shall be permitted to give in evidence, but what evidence are the plaintiffs required to produce, in order to make out their right to recover. The statute was not designed to detract at all from the proof which the plaintiff must offer, to establish his claim *prima facie.*"

Defendants were actively litigant; they were in court for the obvious and asserted purpose of denying and fighting the plaintiff's claim. Plaintiff was not entitled to a verdict without proof. The direction was error.

We have either directly or indirectly passed upon each ground presented by the appeal except one charging gross abuse of discretion by the trial court in refusing an amendment to the specification of defenses. The attendant circumstances are not clearly before us, and, in addition, on our view of the case the ruling becomes unimportant because there was no need for the amendment. We find no abuse of discretion in that ruling.

The judgment below will be reversed and a *venire de novo* will issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   11.