PERTH AMBOY DISTRICT COURT.

THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, A BANKING CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF, v. WILLIAM P. MITCHELL, DEFENDANT.

Decided November 12, 1938.

For the plaintiff, *Louis Ogust.*

For the defendant, *Samuel G. Cohen.*

MELKO, D. C. J.   This action on a promissory note was commenced by service of summons and state of demand upon the defendant, on which state of demand there was endorsed a notice requiring specification of defenses to be filed. Accordingly on October 18th, 1938, specification of defenses was filed, service of a copy thereof having been acknowledged prior thereto by the attorney for the plaintiff. The ninth paragraph of the said specification set forth as one of the defenses: "Defendant denies that the signature on the said note set forth in the first paragraph of the state of demand is his signature."

The trial of the case was held on October 21st, 1938, and the assistant treasurer of the plaintiff corporation testified that he was familiar with the note and transaction on which this suit was brought; that the note was owned by the plaintiff and that there was due from the defendant the sum of $278.60. The note was admitted in evidence over the objections of the defendant's attorney on the ground that the signature had not been proved, and that said proof was required because of the aforesaid allegations contained in the specification of defenses.

Attorney for the plaintiff then rested his case contending that such proof was unnecessary as defendant had not filed affidavit as required by *Rev. Stat.* 2:98-3, which was adopted in 1914 and provides:

"In every suit or judicial proceeding brought upon a negotiable instrument, the authenticity of any signature or endorsement thereon shall be taken to be admitted unless the same is put in issue by the pleadings, or, in courts wherein the defendant is not required to file any pleadings, unless the party to the suit denying the authenticity of such signature or endorsement shall file with the court an affidavit stating that to the best of his knowledge and belief, such signature or endorsement is not the true signature or endorsement of the person purporting to have made the same."

Defendant's attorney thereupon rested and moved for a directed verdict on the ground that the plaintiff failed to prove the signature of the defendant as was required.

The statute providing for the demanding and filing of specification of defenses in the District Court was adopted by the legislature in 1910 set forth in *Rev. Stat.* 2:32-50 and *Rev. Stat.* 2:32-51 is as follows:

"Plaintiff, in an action on contract for the recovery of more than $300 may endorse upon his state of demand, a notice to defendant demanding of him that he file a written specification of defenses he intends to make in the action at or before the time specified for appearance in the process or summons, or on the return of the warrant, or at the time of appearance specified in the recognizance.

"Defendant, when demand is made as provided by section 2:32-50 of this title, shall, within the time allowed, specify his defenses to the action in writing, file the same and serve a copy thereof upon plaintiff or his attorney, and at the trial of the cause he shall be confined to the defenses so specified. If defendant fails to comply with plaintiff's demand and serve the copy he shall be barred from making any defense to the action. The court, however, may, before or at the trial of the cause and upon terms, permit defendant to file and serve or amend such specification."

The specification filed in this matter contained ten separate defenses among which was the one by which the defendant denied the signature on the note and by reason thereof, the defendant would have been permitted to go forward with his proof as to this defense or any other defense alleged therein, after the plaintiff had proved a *prima facie* case. Defendant's failure to file the affidavit as required by *Rev. Stat.* 2:98-3 admits the authenticity of the signature on the note and plaintiff's proof of ownership of the note and amount due thereon constituted a *prima facie* case, and the burden therefore was on the defendant to proceed with his defense which he apparently chose not to do.

The effect of the act is to enable the plaintiff, in the absence of the prescribed affidavit to proceed without personal proof of the signature on the note. The language of the act is that in the absence of the affidavit, "the authenticity of such signature or endorsement shall be taken to be admitted." *Rossi* v. *Benedict,* 98 *N. J. L.* 81; 118 *Atl. Rep.* 713.

Defendant urges that the motion for directed verdict against the plaintiff be granted because the specification of defenses filed herein answers the purpose of the prescribed affidavit and that therefore the plaintiff had not proved a *prima facie* case. This contention is unavailing for while the defendant is entitled to know before trial what the claim against him is, so the plaintiff on the other hand, to prevent surprise to him under the otherwise informal procedure, is entitled to know, if he asks, what defense will be interposed, but the statutory specification is not to be construed as an answer. *Beser* v. *Krasny,* 114 *N. J. L.* 146; 176 *Atl. Rep.* 146.

The statute providing for specification of defenses is similar to section 116 of the old Practice act and of which Mr. Justice Dixon, in *Turner* v. *Wells,* 64 *N. J. L.* 269; 45 *Atl. Rep.* 641, said:

"The statute was not designed to detract at all from the proof which the plaintiff must offer to establish his claim *prima facie.* Only after that is established can the statute be invoked to ward off defenses which do not go in denial in the making of the contract."

The case of *Mechanics Trust Co.* v. *Halpern,* 184 *Atl. Rep.* 744; 116 *N. J. L.* 374, cited by the defendant has no direct bearing because in that case the verdict was directed for the plaintiff because of the failure to file the prescribed affidavit and because of the failure to set up properly defenses in the specification of defenses. The largest inference that can be gathered from that case is that had the appropriate specification of defenses been filed, the defendant would have been permitted to go forward with the defense.

Defendant further contends that because of the demand for specification of defenses and filing thereof, he was required to file a pleading, and therefore not in the purview of *Rev. Stat.* 2:98-3. Strictly speaking, this is not so, for had he failed to comply with the demand, he was still an active litigant and could have resisted plaintiff's claim to some degree. The legal effect of *Rev. Stat.* 2:32-50 and 51 is not to deprive a defendant, even though he fails to specify his defenses, of the right to challenge by cross-examination or otherwise, the character or sufficiency of plaintiff's proof, to make out his right to recover. *Tricoli* v. *Tramonde,* 95 *N. J. L.* 363; 113 *Atl. Rep.* 230.

It appears that the plaintiff proved a *prima facie* case to which no defense was offered and he is therefore entitled to judgment of $278.60 against William P. Mitchell who is the only defendant upon whom service of process was made.