## RICCIARDI v. LAZZARA BAKING CORPORATION.

### No. 430.

District Court, D. New Jersey.

May 13, 1940.

Peter Cohn, of Paterson, N. J., for plaintiff.

Carl F. Nitto, of Passaic, N. J., for defendant.

FAKE, District Judge.

This case was removed from the Second District Court of the City of Paterson by an order of the Judge of that court, and the plaintiff now moves to remand to the court from whence it came.

The City District Court is what may be termed a small cause court in the sense that its jurisdiction is limited not to exceed $500 and the pleadings therein are less formal and do not follow the practice and procedure of the higher courts of the state. The cause of action is set forth in a written "State of Demand" and, when the same is served with the summons, a notice may be indorsed thereon requiring the defendant to file a written specification of the defenses intended to be made at the trial. When such notice is given, the specification of defenses must be filed on or before the return date of the summons. This practice was followed in the instant case and the question now arises as to whether or not the filing of the specification of defenses, pursuant to the statutory practice of the court, is to be construed as the filing of an answer or plea when considered in connection with the provisions of the Removal Act. 28 U.S.C.A. § 72. This section provides that a petition for removal must be filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court * * * to answer or plead * * *." The summons in this case was returnable on January 27, 1939, and the specification of defenses was filed on the same day. The petition for removal does not bear the date of its filing, but since it was not verified until February 3, 1939, it was filed some time after the filing of the specification of defenses.

In view of the informalities which properly attend the practice in the district

courts of the State, it is my view that the filing of the specification of defenses should not be considered as rising to the dignity or importance of an answer or plea within the meaning of the New Jersey practice. This view is strengthened by the opinion of Mr. Justice Case in Besser v. Krasny, 114 N.J.L. 146, 176 A. 146, 148, wherein he holds that " * * * the statutory specification is not to be construed as an answer", and cites Tricoli v. Tramonde, 95 N.J.L. 363, 113 A. 230, as follows: "The legal effect * * * is not to deprive a defendant, even though he fails to specify his defenses, of the right to challenge, by cross-examination or otherwise, the character or sufficiency of the plaintiff's proof, to make out his right to recover." The above cited opinion of Mr. Justice Case should be read in connection with the issue here, since it furnishes a true outline of the position which the local district courts, organized under the state statute, fill in the state judicial system. It has a strong bearing on the construction to be placed upon the pleadings of that court because of the unique position the court fills in disposing of small causes. It is my view that no answer or plea in the technical sense occurs in the local district courts until the case is opened for actual trial, the answer or plea is then oral. The statute limiting the time for removal might therefore within reason be so construed in this case that a valid petition for removal could be filed at any time preceding defensive oral action at the trial. It would then follow that the petition in the instant case was filed in time. The issue, however, can not be thus easily and quickly disposed of since this court is bound by the rule of stare decisis.

■ In Martin v. Baltimore & O. R. Co., Gerling v. Baltimore & O. R. Co., 151 U.S. 673, 14 S.Ct. 533, 538, 38 L.Ed. 311, the United States Supreme Court held, with relation to the meaning of the Removal Act: "Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States." The rule thus laid down was followed in Muir v. Preferred Accident Ins. Co. of New York, 203 Pa. 338, 53 A. 158, wherein it is held that while an affidavit of defense under the Pennsylvania practice is no part of the pleadings and has an entirely different function, yet the petition for removal, when filed in Pennsylvania, must be filed before the defendant is required to file an affidavit of defense. In view of these opinions, I am forced to the view that the specification of defenses in the instant case is closely analogous to the affidavit of defense in Pennsylvania, and that the reasoning in the Pennsylvania case is well founded on the opinion of the United States Supreme Court and should therefore be followed here. It appears then that the petition for removal herein was not filed in time because it was filed after the time fixed by the state law for the filing of the specification of defenses.

■ The plaintiff seeks to recover the sum of $119.83 for overtime, said amount being figured on the basis of one and a half times his regular hourly rate and the like sum as damages, together with a counsel fee of $75. The suit is based on alleged violations of the Wage and Hour Act, 52 Stat.1060, 29 U.S.C.A. § 201 et seq., wherein it is specifically provided that "Action to recover such liability may be maintained in any court of competent jurisdiction * * *." 29 U.S.C.A. § 216. It is conceded by counsel that a federal question is involved, that it relates to interstate commerce, and were it not for the above language of the Act and a question of estoppel, the removal would be valid. It is further conceded that as between this court and the local or city district court, there is concurrent jurisdiction.

In urging a remand, counsel takes the position that the above quoted language of the statute vested jurisdiction in the local court without subjecting the case to removal. In other words the local court having first taken jurisdiction holds the case against any other court of concurrent jurisdiction. This rule, however, can not be given such a broad construction. It is settled, for example, that when bankruptcy supervenes, all courts save only the bankruptcy court are stayed and may not proceed against the bankrupt. So here, if it appeared that the defendant had been adjudicated a bankrupt, it could not successfully be contended that the local court

could proceed with the trial. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Certainly the language of the statute in question can not be so broadly construed as to amount to an amendment to the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and by the same token it can not be held to limit or amend the provisions of the Removal Act. Counsel stresses the dictionary meaning of the word "maintained" as connoting "to hold possession of—to keep effectively" and the like, but reference to the word in Corpus Juris 38, p. 336, furnishes definitions in reported cases holding that "maintained" is synonymous with "commenced". In fact so many different and conflicting constructions appear to have been given to the word, according to the citations in Corpus Juris, that its character for exactitude of meaning is badly damaged. It would be indeed dangerous to conclude that a word so weakened could be used to amend the Removal Act and to do so would be to enter the legislative sphere. If Congress had intended to prevent the removal of causes arising under the Wage and Hour law, it would have used language more pertinent to that end.

It is not necessary to pass upon the question of estoppel, since the case must be remanded because the petition for removal was not filed in time.

An order will be entered in conformity herewith.