## TWIN HILLS GASOLINE CO. v. BRADFORD OIL CORPORATION.

(District Court, E. D. Oklahoma.   November 19, 1919.)

No. 2853.

1. **Removal of causes** ⬦76—**Amount claimed in state court determines federal jurisdiction.**

     The amount claimed by plaintiff in his petition filed in the state court determines whether the amount is within the jurisdiction of the federal court, and after removal plaintiff cannot, by reducing the amount of his claim, divest the federal court of jurisdiction.

2. **Mines and minerals** ⬦73—**In construing ambiguous oil lease, courts will look to circumstances.**

     In construing an oil and gas lease, which is ambiguous, the court will look to the intent of the parties, the surrounding circumstances, and the condition of the business at that time.

3. **Mines and minerals** ⬦79(2)—**Oil and gas lessee held entitled to royalty on "casing head gas"; "gas well."**

     Where an oil and gas lease provided that the lessor should receive one-eighth part of all the oil produced, that the lessee should pay $200 per annum on each gas-producing well, and that the lessee should have the right to use casing head gas for the purpose of operating the wells, *held*, that "casing head gas," which is a component part of oil being produced from wet gas existing only with oil, would not make a well a "gas well," so as to entitle the lessor to $200 per annum, but the lessor would be entitled to his one-eighth part of the casing head gas separated from the oil and saved.

     [Ed. Note.—For other definitions, see Words and Phrases, First Series, Gas Wells.]

At Law.   Action by the Twin Hills Gasoline Company against the Bradford Oil Corporation, begun in state court and removed to the federal court.   Motion to remand denied, and judgment entered for plaintiff in accordance with the opinion.

L. L. Cowley, of Okmulgee, Okl., for plaintiff.

Ramsey, De Meules, Rosser & Martin, of Muskogee, Okl., for defendant.

WILLIAMS, District Judge.   [1] In Johnson v. Computing Scale Co. (C. C.) 139 Fed. 339, it was said that—

"Where the amount claimed by a plaintiff in his complaint in a state court, and which he is entitled to recover if its allegations are true, is sufficient to give a federal court jurisdiction, and the cause is otherwise removable, he cannot defeat such jurisdiction after removal by changing his position or the record with respect to the amount claimed."

The claim as made, and standing on the record of the case at the time the removal is effected, is what determines the jurisdiction of the United States court; the other jurisdictional facts existing.   Hayward v. Nordberg Manufacturing Co., 85 Fed. 4, 29 C. C. A. 438; Riggs v. Clark, 71 Fed. 560, 18 C. C. A. 242.

This motion to remand, after the case had been removed to this court and the plaintiff had filed an amendment reducing the amount

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sued for below $2,000, exclusive of interest and costs, was submitted to District Judge Youmans, assigned to this district, and the same was by him overruled. The motion to remand is now renewed by the plaintiff, and the same is overruled.

[2, 3] The lease on which this action is based contains several paragraphs, as follows:

(2) "If oil be found.in paying quantities upon said premises, the second party [lessee] agrees to deliver to first parties [lessor] in the pipe lines, with which he may connect the well or wells, the one-eighth part of all the oil produced or saved from said premises."

(3) "The party of the second part [lessee] agrees to pay in yearly payments in advance $200 on each gas-producing well, from which gas is transported or used off the leased premises, the said payment to be made direct to the first [lessor] parties or deposited to their credit in the bank aforesaid."

(4) "The parties of the first part [lessor] shall have the right to use said premises for farming purposes and grazing, except such parts thereof as may be necessary for said mining operations. Parties of the second part [lessee] shall furnish gas to the parties of the first part free of cost to be used on the premises."

(5) "The party of the second part shall have the right to use casing head gas from the wells of this lease for the purpose of operating said wells."

If casing head gas was to be taken from gas-producing wells for which the lessee had bound himself to pay $200 per year on each gas-producing well, why the necessity for incorporating the clause that *the party of the second part shall have the right to use casing head gas from the wells* on said lease for the purpose of operating said wells; for, if the casing head gas was to come from the gas-producing wells, the lessee was to pay for such well, and it would be a useless thing to stipulate that he shall have the right to use the casing head gas from a well for which he was to pay annually a fixed sum, to wit: Two hundred dollars on each gas producing well from which gas is transported or used off the leased premises. If it was not to be transported or used off the leased premises, by that clause he would not be required to pay for it. If casing head gas is included within the term "gas-producing well," at least, the question of ambiguity or uncertainty is presented.

These several clauses in this lease, when considered together, are not so certain but that construction is called for. In determining what the intent of the parties was, we look to the surroundings, the location, and the conditions of the oil business at that time. The evidence discloses that casing head gas is a component part of oil, that casing head gas is not made from dry gas, and that it is not a product of dry gas, but that it is a product of wet gas, and that wet gas exists only with oil. Therefore casing head gas is a component of oil. I find in favor of the defendant, and that the plaintiff is not entitled to recover. I find in favor of the defendant as to plaintiff's claim for $200 for each well produced on said premises, because I find such were oil wells, and not gas-producing wells. I find, however, that the plaintiff is entitled to recover one-eighth part of all the oil produced and saved from said premises, including the casing head gas, or such product. The plain-

tiff will be entitled to one-eighth of the casing head gas separated from the oil and saved on said premises, in addition to the one-eighth of the oil.

Judgment will be entered in accordance with this opinion.