## MOHAWK RUBBER CO. OF NEW YORK, Inc., v. TERRELL.

(District Court, W. D. Missouri, W. D. May 26, 1926.)

No. 6354.

Removal of causes ⬡➡74—Plaintiff held not entitled to remove action to federal court, because defendant filed counterclaim for over $10,000 in nature of set-off or defense, and not independent suit (Comp. St. § 1010).

Plaintiff, who sued in state court on claim for $1,672.69, held not entitled to remove action to federal court under Comp. St. § 1010, because defendant filed counterclaim for over $10,000, in nature of set-off or defense, and not an independent suit.

At Law. Action by the Mohawk Rubber Company of New York, Inc., against A. C. Terrell, doing business as the Terrell Rubber Company, wherein defendant filed counterclaim. On defendant's motion to remand case to state court, from which it was removed by plaintiff. Motion to remand granted.

Kenneth W. Tapp, of Kansas City, Mo., for plaintiff.

E. C. Hamilton, of Independence, Mo., and A. R. McClanahan, of Kansas City, Mo., for defendant.

REEVES, District Judge. The motion to remand in this case has some unusual features. The defendant, not the plaintiff, is moving to remand. Moreover, plaintiff, not the defendant, removed the cause to this court.

Plaintiff instituted its suit in the state court against the defendant upon an account for goods and merchandise purchased. The amount sued for was $1,672.69. The suit was filed in a state court, and in due time defendant filed a counterclaim. An examination of his counterclaim shows that it is in its nature a set-off or defensive matter. It is true that the amount demanded in the counterclaim aggregates $10,142.16, but it is so interwoven with the main issue as to free it from the suggestion of an independent suit.

The removal statute (section 1010, U. S. Compiled Statutes 1918) grants the right of removal to "the defendant or defendants therein to the district court of the United States for the proper district." It was the purpose of the statute to restrict the right of removal to the defendant or defendants who had no choice in the selection of a forum. It may be that in a proper case a litigant, who has been compelled to resort to the state court because of the limited amount in controversy, will enjoy the right, upon the interposition of a counterclaim which is in its nature an independent suit, to remove to the federal court, where the amount is large enough and there is the requisite diversity of citizenship.

It was so held by Judge Trieber, of the Eastern District of Arkansas, in Price & Hart v. T. J. Ellis & Co. (C. C.) 129 F. 482. In that case, however, Judge Trieber pointed out that the statute laws of Arkansas specifically provided that a counterclaim interposed by a defendant gave such defendant the status of a plaintiff. In the instant case no such status can be accorded the defendant, and it follows that the plaintiff would not have such a status as a defendant, so as to make the statute available to him.

Motion to remand will be granted.