**MAPES et al. v. SHAUB.**
No. 856.

District Court, M. D. Pennsylvania.
Dec. 31, 1931.

Lilley & Wilson, of Towanda, Pa., for plaintiffs.

Benjamin Kuykendall and Rodney A. Mercur, both of Towanda, Pa., and Schrier & Vallilee, of Athens, Pa., for defendant.

WATSON, District Judge.

This case was removed from the court of common pleas of Bradford county to this court on a petition for removal. The question involved in the action is the validity of a certain oil and gas lease covering lands of plaintiff in Bradford county.

The petition for removal alleges diversity of citizenship of the parties, and also that the amount in controversy, exclusive of interest and costs, exceeds the sum and value of $3,000, and exceeded that sum and value at the time this action was instituted.

The plaintiffs have moved to remand the case to the court of common pleas of Bradford county, Pa.

One of the grounds of the motion to remand is that the application for removal was not made in time. The test is, whether the application for removal was made before the defendant was required to file his answer by the laws of Pennsylvania. In this case, by agreement of counsel for the parties, the defendant was not required to file his answer before September 14, 1931, and the application for removal was made September 11, 1931.

In Muir v. Preferred Accident Insurance Company of New York, 203 Pa. 338, 53 A. 158, it was decided: "The petition for the removal of a case from the state court to the federal court should be filed before the defendant is required to file an affidavit of defense. Where the parties to a cause agree that the time within which an affidavit of defense may be filed shall be extended, the time within which the case may be removed to the federal court is also extended for the same time."

Under the ruling in Muir v. Preferred Accident Insurance Co. of New York, and in my opinion, the application was made at a time before the defendant was required by the law of Pennsylvania to answer to the complaint of the plaintiff and was accordingly in time. The same question was before the court of common pleas of Bradford county, Pa., when the application for removal was presented to that court, and Judge Culver in an opinion filed September 12, 1931, reached the same conclusion. There is no denial of the diversity of citizenship.

The other ground of the motion is as follows: "2. The question involved in this action is the validity of a certain oil and gas lease on plaintiffs' lands, which, as it is in an undeveloped field, has only a speculative value, not capable of being ascertained with accuracy, and, as the assessed value of the real estate is $1,500,000, the amount involved in this controversy does not exceed $3,000.00."

By the motion to remand, the affirmative jurisdictional averment has been put in issue, and, until a determination of the issue of fact as to the actual amount in controversy, final action cannot be had on the motion to remand. Lewis v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 192 F. 654.

In the briefs filed and at the argument of the motion to remand, counsel for plaintiffs and counsel for defendant requested the court, if the court determine that an issue has been joined upon the averments of fact in the removal petition, to fix the procedure to be followed determining such issues of fact.

It is therefore ordered that the issue of fact shall be determined by depositions to be taken and submitted to me within thirty days from this date.