## TRAVELERS' PROTECTIVE ASS'N OF AMERICA v. SMITH et al.
### No. 3642.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

C. W. Tillett, Jr., of Charlotte, N. C. (Maurice P. Phillips, of St. Louis, Mo., and Tillett, Tillett & Kennedy, of Charlotte, N. C., on the brief), for appellant.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

PARKER, Circuit Judge.

This action was instituted by citizens of North Carolina, in a court of that state, to recover $5,000 on a benefit certificate issued by defendant, a corporation of the state of Missouri. It was duly removed into the federal court on the ground of diversity of citizenship, as it involved more than the amount required for purposes of jurisdiction. The propriety of the removal was never challenged; but, after defendant had answered, plaintiffs filed in the federal court a written waiver of their right to recover on the cause of action alleged any amount in excess of $3,000, and remitted to defendant any excess which they might be entitled to recover in excess of that amount. They then moved

that the cause be remanded to the state court solely on the ground that such remittitur had been filed. The judge entered an order remanding the case on that ground, without finding that it had been improperly removed into the federal court and without anything appearing of record to show that the removal was in any wise improper. Defendant appealed from the order remanding the case, and has asked leave to file a petition for a writ of mandamus requiring the judge below to hear and decide it.

■ As the action involved more than $3,000 and was wholly between citizens of different states, it was properly removed into the federal court and the jurisdiction of that court attached. And it is perfectly clear that the jurisdiction was not defeated or the removal rendered improper by the remittitur subsequently filed. Kirby v. American Soda Fountain Co., 194 U. S. 141, 24 S. Ct. 619, 48 L. Ed. 911; Cook v. U. S., 2 Wall. 218, 17 L. Ed. 755; Hayward v. Nordberg Mfg. Co. (C. C. A. 6th) 85 F. 4; Riggs v. Clark (C. C. A. 6th) 71 F. 560; Kane v. Reserve Oil Corporation (D. C.) 52 F.(2d) 972; Twin Hills Gasoline Co. v. Bradford Oil Corp. (D. C.) 264 F. 440; Jellison v. Krell Piano Co. (D. C.) 246 F. 509; Hughes Federal Practice § 2657; Cyclopedia of Federal Procedure vol. 2, p. 238.

■ But we do not think that appeal lies from the order remanding the case to the state court. It is argued that section 28 of the Judicial Code (28 USCA § 71) denies the right of appeal from such order only in case the District Court shall decide that "the cause was improperly removed," and that no such decision was made in this case. This is true; but no appeal lies from the order, for the reason that it is not a final judgment in the action but merely a refusal to hear and decide. Chicago & A. R. Co. v. Wiswall, 23 Wall. 507, 23 L. Ed. 103; Knickerbocker Ins. Co. v. Comstock, 16 Wall. 258, 21 L. Ed. 493.

■ On the question as to whether leave should be granted defendant to file petition for writ of mandamus requiring the judge below to hear and decide the case, it is well settled that, in the absence of statute, mandamus is an appropriate remedy to require the trial court to hear and decide a case which it has improperly remanded. Chicago & A. R. Co. v. Wiswall, supra; Knickerbocker Ins. Co. v. Comstock, supra; In re Pennsylvania Co., 137 U. S. 451, 452, 453, 11 S. Ct. 141, 34 L. Ed. 738; Wabash R. Co. v. Woodrough (C. C. A. 8th) 29 F.(2d) 832. But as point-

ed out by Mr. Justice Bradley in the case of In re Pennsylvania Co., supra, the effect of the Act of August 13, 1888 (25 Stat. c. 866, § 1, pp. 433, 435), was to limit the jurisdiction in mandamus so as to forbid the granting of the writ where this statute denied the right of appeal. The pertinent portion of the statute which has been re-enacted as a part of section 28 of the Judicial Code (28 USCA § 71) is as follows: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

■ It is clear that the effect of this statutory provision is to forbid appellate review of an order remanding a case when "the district court shall decide that the cause was improperly removed." In such case, the order of remand is a final determination of the right to remove and is not reviewable by appeal, mandamus, or otherwise. And we think that, even though the court may not make an express finding as to improper removal, the order of remand is not subject to review, if upon the record the presumption can be indulged that the order was made because the court was of opinion that the removal was improper; for in such case the maxim applies omnia praesumuntur rite esse acta. But where, as here, it clearly appears that the order was made, not because the court decided that the cause had been improperly removed, but because of a remittitur entered after it had admittedly acquired jurisdiction, we do not think that either the words or the spirit of the statute prevents our directing that it proceed to exercise that jurisdiction by hearing and deciding the case. The statute makes the decision of the District Court that a case has been improperly removed conclusive and final. It does not preclude action requiring the court to exercise jurisdiction when it has made no such decision. It is to be noted that section 37 of the Judicial Code (28 USCA § 80), which authorizes remand at any time the court may decide that it is without jurisdiction, contains no such provision forbidding review as does section 28 which deals with the case where the judge decides that the removal was improper.

We have carefully examined the authorities which hold that, because of the provisions of section 28 of the Judicial Code, mandamus

no longer lies to require a district court to hear and determine a case which has been remanded. The language of some of the cases is very broad, but they must be interpreted in connection with the facts under review, and in all of them there was express or implied finding of improper removal. In none of the cases which we have been able to find has it been held that the effect of the statute is to deprive the appellate court of the power to require the trial court to hear and decide a case which has been properly removed, and which has been remanded solely on the ground of action taken subsequent to removal which did not affect jurisdiction.

If the provision of section 28 of the Judicial Code be construed as forbidding review of an order of remand in a case such as this, a party in the situation of the defendant here will be without remedy; for it is settled that in cases to which that provision applies the order remanding the case to the state court is not reviewable even upon appeal from the state court. Missouri Pac. R. Co. v. Fitzgerald, 160 U. S. 556, 582, 16 S. Ct. 389, 40 L. Ed. 536; McLaughlin Bros. v. Hallowell, 228 U. S. 278, 286, 33 S. Ct. 465, 57 L. Ed. 835. We do not think that it was the intention of Congress that a party entitled to invoke the federal jurisdiction should be without remedy if the court, without a finding express or implied of improper removal, should remand the case to the state court on a ground arising after removal and not affecting jurisdiction. Certainly we do not find in the statutes any evidence of such intention.

For the reasons stated, the appeal will be dismissed but leave will be granted defendant to file a petition for writ of mandamus requiring the court below to hear and determine the case. It will probably not be necessary for defendant to file such petition, as the learned judge may of his own motion vacate the order remanding the case and proceed to hear and decide it. The rule that an order remanding a case to the state court on the ground of improper removal may not be vacated (Ausbrooks v. Western Union Tel. Co. [D. C.] 282 F. 733) would not apply if the order was not made on the ground of improper removal so as to bring it under the provision of section 28 of the Judicial Code from which we have quoted, and if the order has not been executed. Empire Mining Co. v. Propeller Towboat Co. (C. C.) 108 F. 900, 904. If the order has been executed by certificate to the state court, the question will arise as to whether the court below has not lost jurisdiction of the cause. Empire Mining Co. v. Propeller Towboat Co., 59 S. C.

549, 38 S. E. 156. The vacating of the order will not, however, affect the right of plaintiffs to take a nonsuit if so advised. Prudential Ins. Co. of America v. Stack (C. C. A. 4th) 60 F. (2d) 830.

Appeal dismissed. Leave granted to file petition.