**BANKERS SECURITIES CORPORATION v. INSURANCE EQUITIES CORPORA-TION et al.**

No. 5834.

Circuit Court of Appeals, Third Circuit.
April 14, 1936.

On Rehearing Oct. 6, 1936.

Stanley Folz and Samuel D. Goodis, both of Philadelphia, Pa. (Otto Gillig and William St. John Tozer, both of New York City, and Sundheim, Folz & Sundheim, of Philadelphia, Pa., of counsel), for petitioner.

Otto Stiefel and Precker & Precker, all of Newark, N. J., for respondents.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This case is here on petition for a writ of mandamus.

The case arose out of an action at law brought in the Supreme Court of New Jersey on April 11, 1934, by the Bankers Securities Corporation to recover $5,226.41 alleged to be due to it by the defendants Insurance Equities Corporation et al. John R. Wilson and Philip Cohen were brought in as defendants on their own motion.

On May 24, 1934, an answer and counterclaim were filed by defendants. The time within which to file an answer to the counterclaim expired on June 13, 1934. Within that time a petition for removal to the federal court could have been filed, but on June 11, 1934, the following stipulation was entered by the parties: "It is hereby stipulated and agreed by and between the parties hereto through their respective attorneys, that the time for the plaintiff to reply to defendants' answer and counterclaim be and the same hereby is extended to and including June 25, 1934."

On June 15, 1934, plaintiff served upon defendants a petition for removal of the cause from the Supreme Court of New Jersey to the United States District Court, together with a bond and notice that the petition would be submitted to the Chief Justice on June 19, 1934. Upon the hearing the Chief Justice denied the application for removal on the ground that the extension for the time to plead did not extend the time for filing the application for removal. However, a certified copy of the record and proceedings in the state court were according to law filed in the federal court. The defendants then moved before the federal court to remand the cause to the state court. This motion was granted, and an order remanding the cause to the state court was made on the ground that the stipulation to extend the time to plead did not extend the time to remove.

The plaintiff then filed a motion to reconsider the order remanding the cause to.

the state court, but the court refused this order on the ground that "the court having signed an order to remand it became divested of all jurisdiction," and denied the motion for this reason alone. Ausbrooks v. Western Union Tel. Co. (D.C.) 282 F. 733.

The plaintiff then filed its petition in this court for a writ of mandamus, and the case is here on rule to show cause. Defendants say that as a matter of fact no rule was actually issued, but we will treat the order made by this court as a rule.

As it appeared in the District Court, the question on the merits was whether or not the application for removal, which was filed before the time extended by stipulation to plead to the counterclaim expired, was filed in time. In other words, did the extension by stipulation of the parties of the time to plead also extend the time within which to file the petition for removal?

■ When a counterclaim is filed, the plaintiff becomes the defendant in the cause of action set forth therein, and this extends to removal proceedings from a state court to a federal court. Carson & Rand Lumber Company v. Holtzclaw (C.C.) 39 F. 578, 580; Walcott v. Watson et al. (C.C.) 46 F. 529; Mohawk Rubber Co. v. Terrell (D.C.) 13 F.(2d) 266; Zumbrunn v. Schwartz (D. C.) 17 F.(2d) 609.

■ Section 28 of the Judicial Code (28 U.S.C.A. § 71) provides that: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State."

Section 29 of the Judicial Code (28 U.S. C.A. § 72) provides that: "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court. * * * It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit."

The question here involved has been passed upon by the District Court for the Middle District of Pennsylvania. In Mapes et al. v. Shaub (D.C.) 54 F.(2d) 419, 420, Judge Watson said: "The test is [of whether or not an application for removal is made in time], whether the application for removal was made before the defendant was required to file his answer by the laws of Pennsylvania. In this case, by agreement of counsel for the parties, the defendant was not required to file his answer before September 14, 1931, and the application for removal was made September 11, 1931."

This same question was decided by the Supreme Court of Pennsylvania in the case of Muir v. Preferred Accident Insurance Company of New York, 203 Pa. 338, 53 A. 158. It said: "The petition for the removal of a case from the state court to the federal court should be filed before the defendant is required to file an affidavit of defense. Where the parties to a cause agree that the time within which an affidavit of defense may be filed shall be extended, the time within which the case may be removed to the federal court is also extended for the same time."

Judge Ray in the Northern District of New York, in the case of Hinman v. Barrett (D.C.) 244 F. 621, 623, said: "The plaintiff claims that there was no removal of the cause because of this defect in the petition, and for the reason the removal should have been made within 20 days of the service of the summons and complaint, as under the New York Code of Civil Procedure a defendant, in case of personal service, as here, is required to plead within that time. But a defendant is not required by law to plead until the time fixed by order, if the time be extended by order of court, or

until the time fixed by stipulation, if the other party sees fit to stipulate in writing that he need not answer or plead until a fixed day. The New York courts and rules recognize stipulation of this character, and in the absence of fraud or mistake hold the parties to them bound thereby."

There are numerous cases so holding, and they are in accord with the plain interpretation of the statute indicated by the Supreme Court. Mr. Justice Bradley, speaking for the Supreme Court in the case of Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L. Ed. 1093, said that section 28 (28 U.S.C.A. § 71), conferring jurisdiction and defining what cases may be removed, was essential, belonging to the essence of the thing, but section 29 (28 U.S.C.A. § 72), providing the method and time of removal, was modal, procedural, and might be waived by the parties expressly or by implication. This interpretation of the statute has been restated in many cases since. Canal, etc., R. R. Co. v. Hart, 114 U.S. 654, 5 S.Ct. 1127, 29 L.Ed. 226; Martin's Administrator v. Baltimore & Ohio R. R. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; Powers v. Chesapeake & Ohio R. R. Company, 169 U.S. 92, 93, 18 S.Ct. 264, 266, 42 L.Ed. 673.

Mr. Justice Gray in the last case cited said:

"The existence of diverse citizenship, or other equivalent condition of jurisdiction, is fundamental. The want of it will be taken notice of by the court in its own motion, and cannot be waived by either party. Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510 [28 L.Ed. 462]. But the time of filing a petition for removal is not essential to the jurisdiction. The provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel. * * *

"As the time within which a removal must be applied for is not jurisdictional, but modal and formal (Ayers v. Watson, 113 U. S. 594, 598, 5 S.Ct. 641 [28 L.Ed. 1093]), it may, though obligatory to a certain extent, be waived."

A number of the inferior courts mostly before the case of Ayers v. Watson, 113 U. S. 594, 5 S.Ct. 641, 28 L.Ed. 1093, held that the time for filing the petition for removal from the state to the federal court could not be extended by stipulation of the parties, but this position does not seem to be in harmony with the declarations of the Supreme Court. These declarations led to the change of the position in the Southern District of New York. In the case of Anthony, Inc., v. National Broadcasting Co., Inc. (D.C.) 8 F.Supp. 346, the court said: "The extensions of time to answer which were signed by the plaintiff's attorney extended also the time within which the case might be removed. There was a time when the rule in this district was otherwise. Schipper v. Consumer Cordage Co. (C.C.) 72 F. 803. But for more than thirty years it has been held consistently here that a stipulation to extend the defendant's time to answer signed by the attorneys operated to extend the time for removal to the federal court."

Rose on Federal Jurisdiction and Procedure (4th Ed.) p. 403, says:

"In the Circuit and District courts, some of the earliest cases holding that the time was not extended, were decided before the Court of last resort held that the requirement as to the time for removal was not of the essence of the jurisdiction, and their reasoning seems to have given to that provision of the statute greater rigidity than can now be attributed to it, * * *."

"In the Second Circuit it has been long settled that the petition for removal is in time if filed before the expiration of any extension to plead given by special order of the Court, or by stipulation of the parties."

And at page 404: "The Author's personal opinion is that the Second Circuit's rule would seem to be more in harmony with the views of the Supreme Court."

The statute refers to the time when the answer must be filed, and this time may be fixed by statute, rule of court, or stipulation of the parties. The provisions are procedural, and the statute does not refer to any particular period of time or number of days, but to the actual filing of the answer, and, if the petition for removal is filed before or at that time, it is filed within the time required by the statute.

While the order remanding the cause to the state court is not reviewable by appeal or mandamus (section 28, Judicial Code, 28 U.S.C.A. § 71; In re Pennsylvania Company, 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738; In re Matthew Addy S. S. & Commerce Corporation, 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027; Liggett Co. v. Baldridge, Attorney General, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204), we have thought it best to state what we think the law is and to indicate what the practice in this circuit should be.

The application for writ of mandamus is dismissed.

THOMPSON, Circuit Judge, took no part in the consideration and decision of this case.

## On Reargument.

Before DAVIS, Circuit Judge, and WELSH, District Judge.

DAVIS, Circuit Judge.

This case is here on reargument on briefs. When it was here before, we decided that the extension of the time to plead by stipulation of the parties extended the time within which petition for the removal of the cause from the state court to the federal court could be filed, but we did not decide, as we should have done, whether or not the learned District Judge could reconsider an order remanding the cause on the ground that the petition to remove, though made within the extended time to plead, was not made within time.

■ If the order remanding the cause to the state court was based upon the ground that it had been "improperly removed" because the federal court had no jurisdiction, it is not reviewable by appeal, writ of error, or mandamus. Section 28 of the Judicial Code (28 U.S.C.A. § 71); In re Pennsylvania Co., 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738; In re Matthew Addy S. S. Corp., 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027; Liggett Co. v. Baldridge, Attorney General, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204. In such case the order would be a final determination of the issue. But, if the order remanding the cause was based upon procedural grounds, not affecting the jurisdiction of the court, it may be reviewed by mandamus. Travelers' Protective Association v. Smith (C. C.A.) 71 F.(2d) 511, 512. Section 28 of the Judicial Code is jurisdictional, authorizing the removal of certain kinds of causes to be removed into the federal court, and section 29 (28 U.S.C.A. § 72) is procedural, providing how and when such causes may be removed. From an order remanding a cause arising under section 28 there is no review, but from an order remanding a cause on procedural grounds under section 29 there may be a review. This is perfectly plain from the reasoning, logic, and direct statements made in the cases of Ayers v. Watson, 113 U.S. 594, 598, 5 S.Ct. 641, 28 L.Ed. 1093; Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 93, 18 S.Ct. 264, 42 L.Ed. 673; Travelers' Protective Association v. Smith, supra.

The Travelers Case, last cited, was a suit begun in the state court of North Carolina to recover $5,000. After the cause had been removed to the federal court, on the ground of diversity of citizenship, and after defendant had answered, the plaintiffs filed a remittitur for any excess which they might recover over $3,000, and the federal court remanded the cause to the state court without deciding that the grounds on which the cause had been removed was "improper." The defendant appealed from the order remanding the cause, and asked leave to file petition for a writ of mandamus requiring the District Judge to hear and decide the appeal. The court held that, if the order remanding the cause was based upon jurisdictional grounds, it could not be reviewed on appeal or otherwise, but, if it was based upon procedural grounds, it could be reviewed. Judge Parker, speaking for the Circuit Court of Appeals for the Fourth Circuit, said: "As the action involved more than $3,000 and was wholly between citizens of different states, it was properly removed into the federal court and the jurisdiction of that court attached. And it is perfectly clear that the jurisdiction was not defeated or the removal rendered improper by the remittitur subsequently filed."

■ This language is applicable to the case at bar. The petition for removal was based upon the ground that the cause was between citizens of different states and more than $3,000 was involved. When it was removed into the federal court, the jurisdiction of that court attached. Nothing whatever was thereafter done to defeat that jurisdiction. The learned District Judge ordered the cause remanded on a mistaken idea of procedure that in no way affected the grounds upon which the cause had been removed or the jurisdiction of the federal court.

After stating that an order remanding a case, on the ground that the judge had decided that it was improperly removed because of jurisdictional reasons arising under section 28 of the Judicial Code, was not reviewable in an appellate court, Judge Parker said: "But where, as here, it clearly appears that the order was made, not because the court decided that the cause

had been improperly removed, but because of a remittitur entered after it had admittedly acquired jurisdiction, we do not think that either the words or the spirit of the statute prevents our directing that it proceed to exercise that jurisdiction by hearing and deciding the case. The statute makes the decision of the District Court that a case has been improperly removed conclusive and final. It does not preclude action requiring the court to exercise jurisdiction when it has made no such decision."

The learned District Judge in the case at bar, having jurisdiction to hear and determine the issue involved, fell into error when he did not do so and practically abandoned that jurisdiction over the cause and turned it over to the state court for adjudication.

It is not necessary at this time to issue the writ of mandamus requiring the District Court to hear and determine the cause, as the learned judge will doubtless of his own motion vacate the order remanding the cause and proceed to hear and determine it.