### Petition of HENNEMAN et al.
### No. 3887 Original.

Circuit Court of Appeals, First Circuit.
Aug. 9, 1943.

---

628

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

Robert G. Dodge, of Boston, Mass., and E. T. Fiddler, of New York City, for petitioners.

William Cattron Rigby, of Washington, D. C. (Manuel Rodriguez Ramos, of San Juan, Puerto Rico, of counsel) for People of Puerto Rico, Intervenors, appearing specially for the purposes of the motion to dismiss this proceeding in this Court for want of jurisdiction, to question the jurisdiction, and not otherwise.

WOODBURY, Circuit Judge.

This is a petition for a writ of mandamus [1] directing the judge of the District Court of the United States for Puerto Rico to vacate his order granting a motion to remand an action sought to be removed to his court from the Supreme Court of Puerto Rico and to decide certain issues raised by the petition for removal.

The action sought to be removed and ordered remanded is an information in the nature of Quo Warranto which was filed in the Supreme Court of Puerto Rico by The People of Puerto Rico on October 8, 1942. In this information it is alleged that the petitioners herein, calling themselves Eastern Sugar Associates, are trustees under a deed of trust; that all of them are residents of continental United States; that Eastern Sugar Associates is an entity, either a corporation or a trust, and that it both owns, and controls through leaseholds, over 500 acres of land in Puerto Rico upon which it devotes itself to agriculture. The People of Puerto Rico aver that the petitioners by so doing have violated 48 U.S. C.A. § 752,[2] which restricts the right of corporations to hold agricultural lands in Puerto Rico, and also § 57 of the Land Law of Puerto Rico,[3] which purports to impose similar restrictions upon trusts. The trustees individually, the trust as an entity, which is set out as having its situs and principal place of business in Puerto Rico, and some of the lessors, who are described as domiciled in Puerto Rico, are

---

[1] Jurisdiction to issue such writs is conferred upon Circuit Courts of Appeals by § 262 of the Judicial Code, 28 U.S.C.A. § 377. Roche v. Evaporated Milk Association, 63 S.Ct. 938, 87 L.Ed. ——, decided May 3, 1943.

[2] This section of the Code so far as here material reads: "No corporation shall * * * be permitted to hold or own real estate except such as may be reasonably necessary to enable it to carry out the purposes for which it was created, and every corporation hereafter authorized to engage in agriculture shall by its charter be restricted to the ownership and control of not to exceed five hundred acres of land." It was originally enacted on May 1, 1900, (§ 3 J.R. No. 23, 31 Stat. 716) and it was continued in effect by § 39 of the Organic Act of 1917, 39 Stat. 964, 965.

[3] Act No. 26, approved April 12, 1941, Laws of Puerto Rico, 1941, 440.

all named as parties defendant. The other lessors who are not named are said to be unknown to the plaintiff but that they "shall be brought in as parties defendants as soon as discovery thereof is had in the course of this proceeding."

In this information a judgment is asked declaring that the defendant Eastern Sugar Associates is either a corporation within the meaning of § 752 of the United States Code Annotated, or else a trust within the meaning of § 57 of the territorial Land Law; declaring that the defendant Eastern Sugar Associates devotes itself to agriculture in Puerto Rico on lands which it owns and controls in excess of 500 acres; ordering the same defendant to cease and desist from doing further business in Puerto Rico; declaring that its contracts of lease are null, imposing a fine, and for general relief.

In due season after this information was filed in the Supreme Court of Puerto Rico the petitioners moved in that court for removal to the District Court of the United States for Puerto Rico on the ground of diversity of citizenship and also on the ground that the suit "purports to arise under the laws of the United States and seeks to present a substantial dispute and controversy which arises out of and depends upon the proper construction and application of the acts of the Congress of the United States and particularly upon section 752 of Title 48 of the United States Code."

In support of their motion on the ground of diversity of citizenship the petitioners alleged that no joint cause of action was stated or joint relief asked for; that the lessor-defendants are not indispensable parties to the cause of action stated in the information; and that the plaintiff fraudulently joined them as parties defendant for the very purpose of preventing removal to the District Court of the United States for Puerto Rico. The Supreme Court of Puerto Rico, after hearing, denied the petition for removal holding in an opinion, which has not been made available to us according to our rule No. 30, but which is referred to by the parties in their briefs and by the district court in its order of removal, that under Puerto Rican law the lessors-defendants were necessary

parties and that, therefore, there existed no separable controversy between The People of Puerto Rico as plaintiffs and the non-resident defendants—the petitioners herein—alone. In consequence the Supreme Court of Puerto Rico ruled that the action was not removable.

Thereupon the petitioners filed certified copies of the record in the District Court of the United States for Puerto Rico with the view of removing the information to that court. The People of Puerto Rico then moved in the district court that the case be remanded "for the reason that no federal question is involved in this suit and for the further reason(s) that this Court lacks jurisdiction both over the subject matter and over the parties herein." The district court granted this motion and ordered the action remanded to the Supreme Court of Puerto Rico "on the sole ground that the law of Puerto Rico, as declared by its highest court, makes the Lessors in this proceeding indispensable parties.[4]"

Thereafter the petitioners moved in this court for leave to file a petition for a writ of mandamus and we granted them such leave ordering the judge of the District Court of the United States for Puerto Rico to show cause why the writ should not issue. The judge duly submitted his return.

The People of Puerto Rico, appearing specially, contend, as did the judge of the district court in his return, that we have no jurisdiction to issue the writ and they assign as the reason therefor that section 28 of the Judicial Code, 28 U.S.C.A. § 71, provides that: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal * * * from the decision of the district court so remanding such cause shall be allowed."

The People of Puerto Rico assert and we concede that although the statute only specifically mentions appeals its meaning is broad enough to prevent the use of a writ of mandamus as a substitute for an appeal

4 The district court in its memorandum opinion on the motion to remand said: "The question of necessary or proper parties is a matter of local law. The joint liability of the parties defendant is likewise a matter of local law. In this case the Supreme Court of Puerto Rico has held that the lessor defendants, who are domiciled in Puerto Rico, are indispensable parties to this proceeding. I have no right to go behind that decision."

(In re Pennsylvania Co., 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738; Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289) but the petitioners contend that they do not seek the writ for the purpose of having us review the district court's order remanding the case but that they seek it only for the purpose of compelling that court to decide issues presented by the motion to remand which they say it has not decided.

■ It is well settled that this court has the power to issue writs of mandamus in the exercise of its appellate jurisdiction and that the writ will lie to direct a subordinate federal court to render a decision in a case pending before it. McClellan v. Carland, 217 U.S. 268, 280, 30 S.Ct. 501, 54 L.Ed. 762, and cases cited. And the writ may be issued to compel a district court to decide whether a case has been improperly removed to it. See Travelers' Protective Ass'n of America v. Smith, 4 Cir., 71 F.2d 511, 512, in which Judge Parker said: "The statute makes the decision of the District Court that a case has been improperly removed conclusive and final. It does not preclude action requiring the court to exercise jurisdiction when it has made no such decision." See also Bankers Securities Corp. v. Insurance Equities Corp., 3 Cir., 85 F.2d 856, 859, 860, 108 A.L.R. 960.

We must determine, therefore, whether the district court decided the issues raised before it in the removal proceedings or whether, as the petitioners say, it did not and thereby denied them their day in court.

Section 42 of the Organic Act, 48 U.S.C.A. § 864, makes the statutory provisions governing the removal of causes from state courts to federal district courts and the remand thereof back again applicable "in such matters and proceedings as between the district court of the United States and the courts of Puerto Rico". (see Puerto Rico v. Russell & Co., 288 U.S. 476, 478, 53 S.Ct. 447, 77 L.Ed. 903) and section 28 of the Judicial Code, 28 U.S.C.A. § 71, provides that any suit of a civil nature of which the district courts of the United States are given jurisdiction, may, if begun in any state court, be removed therefrom by the defendant or defendants into the district court of the United States for the proper district. Since the question is not raised we may assume that in Puerto Rico an information in the nature of Quo Warranto is a suit of a civil nature even though a fine is asked for (Ames v. Kansas, 111 U.S. 449, 461, 4 S.Ct. 437, 28 L.Ed. 282) and since the requisite jurisdictional amount is admittedly in controversy, the question was presented to the District Court whether it would have had jurisdiction grounded upon either diversity of citizenship or the presence of a federal question if the information had originally been brought in that court.

■ Section 41 of the Organic Act, 48 U.S.C.A. § 863, provides that the District Court of the United States for Puerto Rico "shall have jurisdiction of all cases cognizable in the district courts of the United States", and, in addition, "jurisdiction of all controversies where all of the parties on either side of the controversy are citizens * * * of a State * * * of the United States not domiciled in Puerto Rico." Therefore, since district courts of the United States have original jurisdiction over cases which arise "under the Constitution or laws of the United States" (§ 24 of the Judicial Code, 28 U.S.C.A. § 41) it was for the district court for Puerto Rico in the removal proceedings to decide two questions: First, are all of the parties on either side of the information in the nature of Quo Warranto citizens of a state of the United States not domiciled in Puerto Rico? And, second, does the information arise under the laws of the United States? To justify the order of remand both must be answered in the negative. The petitioners contend that the district court failed to decide either of these questions but we are of the view that it decided the first one, answering it in the negative, but did not decide the second one at all. We shall consider the questions in the order enumerated.

■ As we pointed out earlier in this opinion the petitioners' lessors, who were domiciled in Puerto Rico, were named in the information as parties defendant, and the Supreme Court of Puerto Rico, in a proceeding properly before it, decided that they were properly so named. If this decision is correct, then not all of the parties on the petitioners' side of the controversy are domiciled in a state of the United States and there is no federal jurisdiction on the ground of diversity of citizenship as that phrase applies to the jurisdiction of the District Court of the United States for Puerto Rico. The district court, however, as we also pointed out earlier in this opinion, did not itself go into the question of

whether the petitioners' lessors were properly joined as parties defendant, but decided that the federal law was that the question of the propriety of their joinder was one of local territorial law and that in consequence it was bound by the decision of the territorial Supreme Court. Thus it cannot be said that the district court did not decide the question of joinder. It decided that question as one of conflict of laws and whether its decision is correct is one upon which we express no opinion. We refrain from expressing ourselves for two reasons: First because "Mandamus is an appropriate remedy to compel a judicial officer to act. It may not be used as a substitute for an appeal or writ of error to dictate the manner of his action", (Interstate Commerce Commission v. United States, 289 U.S. 385, 394, 53 S.Ct. 607, 611, 77 L.Ed. 1273, and cases cited) and, second, because Congress has seen fit, in the part of § 71 of Title 28 of the United States Code Annotated quoted earlier in this opinion to deny review by us, or any other appellate court, either directly or indirectly, of an order of remand based upon a decision by a district court that a cause has been improperly removed. Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 568, 61 S.Ct. 715, 85 L.Ed. 1044. Here, whether the court's process of reasoning was right or wrong, it came to the conclusion that the case had been improperly removed so far as diversity of citizenship was concerned.

The second question, that is, whether there is federal jurisdiction on the ground that a federal question is involved, remains to be considered. The district judge in his order of remand did not consider or even mention this ground for his jurisdiction but based his order, as already appears, "on the sole ground" that there was not the requisite diversity of citizenship. In his return to our order to show cause, however, he says that his "order of remand operated as an adjudication that the action was not dependent on the proper construction and application of Section 752 of Title 48 of the United States Code Annotated", and that he was not required to elaborate on a conclusion which he was bound to reach under the recent case of Puerto Rico v. Rubert Hermanos, Inc., 309 U.S. 543, 60 S.Ct. 699, 84 L.Ed. 916.

■ We cannot adopt the district judge's view as to the effect of his order as an adjudication that no federal question is raised, since he categorically stated that his order of removal was based solely on the ground of lack of the requisite diversity of citizenship.

From this it follows that the defendants have made out a case for the issuance of the writ for the purpose of requiring a decision by the court below on the question of federal jurisdiction on the ground that a federal statute is involved.

■ But the district court in its return to our order to show cause clearly indicated its view that it is bound by the Rubert Hermanos case, supra, to reach the conclusion that no federal question is raised. This is a matter upon which it is inappropriate for us to express an opinion for the same reasons that induced us to refrain from considering the correctness of the district court's decision that it had no jurisdiction grounded on diversity of citizenship. But, since the district court has unmistakably indicated its view, it is evident that the issuance of the writ would serve no useful purpose. Therefore, in the exercise of our equitable discretion,[5] we decline to issue the writ but leave to the district court the question of whether or not to vacate its order of remand on its own motion (see Bankers Securities Corp. v. Insurance Corp., 3 Cir., 85 F.2d 856, 860, 108 A.L.R. 960) if for any reason it should see fit to do so.

Petition dismissed.

---

[5] See United States v. Dern, 289 U.S. 352, 359, 53 S.Ct. 614, 617, 77 L.Ed. 1250, in which the Supreme Court, citing cases, said: "Although the remedy by mandamus is at law, its allowance is controlled by equitable principles, * * * and it may be refused for reasons comparable to those which would lead a court of equity, in the exercise of a sound discretion, to withhold its protection of an undoubted legal right."