### UZELMEIER v. CARRIER CORPORATION.

### Civ. A. No. 9408.

District Court, E. D. Pennsylvania.

Aug. 12, 1948.

---

566

William Henry Snyder, Jr., of Snyder & Bent, all of Philadelphia, Pa., for plaintiff.

Earl Jay Gratz, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion to remand a case to the state court. The defendant removed it from the latter court because diversity of citizenship of the parties existed and the jurisdictional amount is involved.

Within twenty days after February 17, 1948, the date the defendant was served with notice of the action brought in the State court, the plaintiff extended the time up to and including March 29, 1948, within which the defendant might "enter an appearance, file an answer or otherwise move in connection with this litigation". Prior to the expiration of that time, plaintiff agreed to extend the time in which the defendant might "file a reply" to the complaint up to and including April 7, 1948. On this latter date the State court approved the defendant's petition to remove the case from that court to the Federal court.

The basis for the plaintiff's motion is that the latter agreement extended the time for the filing of an answer on the merits and not the time within which the case might be removed.

Section 29 of the Judicial Code, 28 U.S. C.A. § 72, among other things, provides that a petition to remove may be filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff * * *". The Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, provide that all pleadings shall be filed within twenty days after service of the preceeding pleading[1], unless the time is waived by agreement of the parties[2].

We must concede that there are a number of cases, designated as the majority view[3], which substantiate the plaintiff's contention. But in our Circuit the rule, as stated in Muir v. Preferred Accident Insurance Company of New York, 203 Pa. 338, 344, 53 A. 158, is clear: Where the parties to a cause agree that the time within which an affidavit of defense may be filed shall be extended, the time within which the case may be removed to the federal court is also extended for the same time. See Bankers Securities Corporation v. Insurance Equities Corporation, 3 Cir., 85 F.2d 856, 108 A.L.R. 960; Mapes v. Shaub, D.C., M.D.Pa., 54 F.2d 419. The rule is so even though the plaintiff in granting the extension of time in which an answer might be filed did not thereby intend to extend the time for filing a petition for removal.

It may be of interest to note that 28 U.S.C.A. § 1446(b) of the much awaited Act[4] of June 25, 1948, effective September 1, 1948, has adopted the majority view. This section provides: "The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later". The Act, of course, can have no effect on the decision of this case.

Motion denied.

---

[1] Rule 1026.

[2] Rule 1003.

[3] See Note 56 following 28 U.S.C.A. § 72.

[4] Pub. Law No. 773, 80th Cong., 2nd Sess. (1948).