**DUTTON v. MOODY et al.**

United States District Court
S. D. New York.
May 20, 1952.

Arnold B. Elkind, New York City, for plaintiff.

John W. Trapp, New York City, for defendant Gloria Moody.

Clarke & Reilly, New York City, for defendant Milton Jesselson.

WEINFELD, District Judge.

The plaintiff moves for an order to remand this action to the Supreme Court of the State of New York, Bronx County, pursuant to 28 U.S.C. § 1447 upon the ground that the removing defendant's petition was not timely filed or served.

The disposition of the motion turns on whether new Title 28 U.S.C. § 1446(b), governing the procedure for removal, makes it mandatory that the removal petition be filed within twenty days after service of the summons.

The action was commenced by the service of a summons and complaint[1] upon the defendant on March 18th, 1952. On April 4th, the attorney for the plaintiff by written stipulation extended to May 1st the defendant's time to answer or make any motion with respect to the complaint. On April 18th, more than twenty days after the service of the summons and complaint, the defendant filed and served his petition for removal, whereupon the present motion was made.

The 1948 revision of the Judicial Code made various changes in removal procedure and requirements. Section 1446(b) of Title 28, governing removal procedure, as originally enacted as part of the revision, provided that the petition was to be filed "within twenty days after commencement of action or service of process, whichever [was] later." It was amended by the Act of 1949[2] so that presently the petition must be filed "within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." This provision is substantially different from the removal section as it existed prior to the 1948 and 1949 amendments which required that a petition be filed at "any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead".[3]

The basic issue is whether the twenty day period now stipulated in Section 1446(b) may be varied by the consent of the attorneys or an order of Court, extending the time of the defendant to answer.[4]

The Courts were not entirely in agreement in ruling on this question under the prior removal section. A number held that the time to file a removal petition could not be extended beyond the original date to answer or plead as required under state law or rule.[5] Other Courts, including our Court of Appeals, and apparently in a minority, held that an extension of time to answer or plead automatically extended the time to file a petition for removal.[6]

---

1. Under New York law an action is commenced by the service of a summons. The complaint, the initial pleading, may or may not be served together with the summons. New York Civil Practice Act, Sections 218, 257. Further, under New York State practice, there is no requirement to file the summons or complaint unless and until a party has received "notice from the adverse party requiring such filing." Sauerzopf v. North American Cement Corporation, 301 N.Y. 158, 162, 93 N.E.2d 617, 618; New York Civil Practice Act, Section 100.

2. The section was amended so "that it would mesh better with all the divergent state practices, but with the underlying principle of subsection (b) to remain undisturbed." Moore's Commentary on the United States Judicial Code, § 0.03 (42), p. 273.

3. 28 U.S.C. § 72 (1940 Ed.).

4. In passing, it may be noted that the text writers are not in accord on whether the twenty day period in the present law is jurisdictional. Thus, Barron and Holtzoff hold: "The time limitation is mandatory and must be strictly applied, and cannot be extended by continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations or court orders." Federal Practice and Procedure, Volume 1, Section 107, p. 195.

Professor Moore, on the other hand, holds: "Under the prior practice the time limitation on removal was said not to be jurisdictional, but merely modal and formal; and this rule is equally applicable under the new Code." Moore's Commentary on the United States Judicial Code, § 0.03(42), pp. 273–274.

5. See cases cited in 3 Moore's Federal Practice, § 101.12, p. 3525, footnote 26.

6. See Anthony, Inc., v. National Broadcasting Co., Inc., D.C., 8 F.Supp. 346, and cases cited therein; Bankers Securities Corp. v. Insurance Equities Corp., 3 Cir., 85 F.2d 856, 108 A.L.R. 960.

Under the latter rulings it was left to the discretion of the parties by stipulation to determine the last day for a defendant to remove an action from the state to the federal court.

In this posture of division of authorities the removal procedure was recast by Congress, effective September 1st, 1948, further amended in 1949, and a specific period of twenty days, uniform throughout the entire country, was fixed for the filing of petitions. The change disregarded such varying periods to answer or plead as might exist under different state laws or rules.

The language of the present section destroys the rationale upon which the minority view was based. The former section required the filing of the petition "before the defendant is required * * * to answer". Thus, it rested within the power of the parties to control the date of answer by stipulations of extension.

> "The statute refers to the time when the answer must be filed, and this time may be fixed by statute, rule of court, or stipulation of the parties. The provisions are procedural, and the statute does not refer to any particular period of time or number of days, but to the actual filing of the answer, and, if the petition for removal is filed before or at that time, it is filed within the time required by the statute." Bankers Securities Corp. v. Insurance Equities Corp., supra, 85 F.2d at page 858.

Since the statute is no longer framed in terms of time to answer, but prescribes a specific time period, this argument is no longer valid.

While the legislative history of the 1948 amendment reveals little with respect to any specific purpose in setting the twenty day period,[7] it may be assumed that Congress was aware of the conflict of rulings under the old section and that it intended to achieve uniformity on a nation-wide basis as to the period within which petitions for removal were to be filed.[8] The use of a determinant of twenty days and the elimination of the reference to state laws and rules which permitted flexibility of time within which to file, appears to underscore such an objective. Viewed in this light, it would appear that the twenty day period may not be varied by voluntary action on the part of counsel—in effect that its requirement is mandatory. In my view this holding is consonant with the general overall objective in recasting the provisions relating to removal procedure.[9]

The motion to remand is granted.

Settle order on notice.

---

7. The substance of the old provision remained unchanged through three successive drafts. See 3rd Draft, Revision of Title 28, Meetings of December 3rd–5th, 1945.

8. The Reviser's Notes state that the revised section was intended to "give adequate time and operate uniformly throughout the Federal jurisdiction."

9. This view is supported by dictum in Uzelmeier v. Carrier Corporation, D.C., 79 F.Supp. 565, 566.