Evangeline W. BURNS, Plaintiff,

v.

STANDARD LIFE INSURANCE COMPANY OF INDIANA, a corporation of the State of Indiana, Defendant.

Civ. A. No. 1732.

United States District Court
D. Delaware.

Nov. 29, 1955.

William S. Megonigal, Jr. (of Morris, Steel, Nichols & Arsht), Wilmington, Del., for plaintiff.

Vincent A. Theisen and Aubrey B. Lank (of Logan, Marvel, Boggs & Theisen), Wilmington, Del., for defendant.

WRIGHT, Judge.

The plaintiff has filed a motion to remand to the Superior Court of the State of Delaware, in and for New Castle County pursuant to 28 U.S.C. § 1447. The sole issue is whether the twenty day period within which a petition for removal must be filed as provided by 28 U.S.C. § 1446(b)[1] may be extended by stipulation of counsel.

On June 14, 1955 the plaintiff filed an action for declaratory judgment and for breach of contract against the defendant in the Superior Court of the State of Delaware, in and for New Castle County. The following day, the defendant, an Indiana corporation authorized to carry on an insurance business in the State of Delaware, was served with true copies of the writ of summons and complaint by service upon the Insurance Commissioner of the State of Delaware.[2] On June 24, 1955 the attorneys for the plaintiff and defendant stipulated in writing, with the approval of one of the Judges of the Superior Court of Delaware, that the time within which the defendant had to file its answer or to otherwise move or plead was extended until July 20, 1955. On July 18, 1955 more than twenty days after the service upon the defendant of the copies of the summons and complaint, but within the time agreed upon by the stipulation of counsel, the defendant filed its petition for removal alleging this court had jurisdiction, since there was diversity of citizenship, and the amount in controversy exceeded $3,000. On the same day, the plaintiff filed her motion in this court to remand the action to the Superior Court of the State of Delaware, in and for New Castle County, pursuant to 28 U.S.C. § 1447, upon the ground that the defendant's petition for removal was not filed within the twenty day period prescribed by 28 U.S.C. § 1446(b).

The parties are in agreement that the defendant's petition for removal was not filed within twenty days of the date of service of the copies of the summons and complaint upon the defendant as prescribed in 28 U.S.C. § 1446(b). They are in disagreement, however, as to the effect of the stipulation of counsel extending the time to answer, move or otherwise plead.

---

1. The pertinent provision of 28 U.S.C. § 1446(b) is as follows:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

2. Paragraph 2 of the answer admits that at all relevant times defendant was authorized to carry on an insurance business in Delaware under a certificate of authority issued by the Insurance Commissioner of the State of Delaware. Service was effected under the provisions of 18 Del.Code of 1953, § 505(5) providing for service upon an insurance company authorized to do business in this state by service upon the Insurance Commissioner.

Prior to the revision of the Judicial Code in 1948 the removal statute provided that a petition for removal could be filed, at "any time before the defendant is required by the laws of the State or the rules of the State court in which such suit is brought to answer or plead".[3] The courts were not in agreement on the question of whether the time to file a removal petition could be extended beyond the original date to answer or plead as required by state law or rule of court. A number of courts, and apparently the majority, held the time to file a removal petition could not be extended beyond the original date to plead or answer,[4] while others held the time to file could be extended by stipulation of counsel or by order of the court.[5] Among the courts holding to the latter view was the Court of Appeals of the Third Circuit.[6] However, in the Bankers Securities Corp. v. Insurance Equities Corp., supra, the court emphasized it was merely deciding the time for removal could be extended only if an extension of time to answer or plead was permitted by the law of the state or a rule of the State Court. In an almost prophetic statement the court said:

"The statute refers to the time when the answer must be filed, and this time may be fixed by statute, rule of court, or stipulation of the parties. The provisions are procedural, and *the statute does not refer to any particular period of time or number of days,* but to the actual filing of the answer, and, if the petition for removal is filed before or at that time, it is filed within the time required by the statute." [7] (Emphasis added.)

■■ To hold that the time for removal cannot be extended by stipulation of counsel would not be inconsistent with the opinion of the Circuit Court of Appeals in the Bankers Securities Corp. case. For upon the revision of the Judicial Code the removal procedure was drastically amended to provide uniformity throughout the country with respect to removal.[8] The present removal statute refers to a particular number of days in which the petition for removal must be filed and is no longer dependent upon the state law or a rule of court. Although the revised statute is still procedural in the strict sense of the word, the wording is such that it is mandatory in character.[9] The statute in its present form does not refer to an answer or pleading, but provides a definite period

3. 28 U.S.C. § 72 (1940), March 3, 1911, Ch. 231, § 29, 36 Stat. 1095.

4. See cases cited in 3 Moore's Federal Practice (1st ed.) § 101.12, p. 3525, n. 26 (1938).

5. Oldland v. Gray, 10 Cir., 1950, 179 F. 2d 408; Bankers Securities Corp. v. Insurance Equities Corp., 3 Cir., 1936, 85 F.2d 856.

6. Bankers Securities Corp. v. Insurance Equities Corp., 3 Cir., 1936, 85 F.2d 856, 108 A.L.R. 960, holding time for removal could be extended by stipulation of counsel extending time to answer, but decided prior to the 1948 and 1949 amendments to the removal statute.

7. Bankers Securities Corp. v. Insurance Equities Corp., supra, 85 F.2d at page 858.

8. The Reviser's notes to 28 U.S.C. § 1446 (b) state:

"Subsection (b) makes uniform the time for filing petitions to remove all civil actions within twenty days after commencement of action or service of process which ever is later, instead of 'at any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead' as required by section 72 of Title 28 U.S.C., 1940 ed. As thus revised, the section will give adequate time and operate uniformly throughout the Federal jurisdiction. * * * "

9. Richlin Advertising Corp. v. Central Florida Broadcasting Co., D.C.S.D.N.Y. 1954, 122 F.Supp. 507; Dutton v. Moody, D.C.S.D.N.Y.1952, 104 F.Supp. 838; Fisher v. Exico Co., D.C.E.D.N.Y. 1952, 13 F.R.D. 195; Lusk v. Lyon Metal Products, Inc., D.C.W.D.Mo.1949, 9 F.R.D. 250.

for removal which is of statutory duration and not subject to waiver by stipulation of the parties.

Plaintiff's motion to remand is granted.

An order in accordance herewith may be submitted.